# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE CONVERGENT OUTSOURCING, INC. TELEPHONE CONSUMER PROTECTION ACT LITIGATION | Case No.: 3:13-md-02478-AWT <br><br> Hon. Alvin W. Thompson |

## FORM 26(f) REPORT OF PARTIES' PLANNING MEETING

Date Complaint Filed and Served:  The plaintiffs asserting class actions in this Multidistrict Litigation proceeding filed and served a Consolidated Amended Class Action Complaint of class claims on March 31, 2014 (Dkt. No. 37) ("Consolidated Complaint").

Date Defendant Appeared:  Defendant filed its Answer and Affirmative Defenses to the Consolidated Complaint on April 17, 2014 (Dkt. No. 41) ("Answer").

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on February 18, 2014.  The participants were Keith Keogh of Keogh Law, Ltd. and Sergei Lemberg of Lemberg Law LLC for class Plaintiffs, and Craig J. Mariam and Thomas C. Blatchley of Gordon & Rees, LLP for Defendant Convergent Outsourcing, Inc. ("Convergent" or "Defendant").

## I.        Certification

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

## II.     Jurisdiction

### A.     Subject Matter Jurisdiction

this Court has subject matter jurisdiction over the claims in this action, as the action arises out of violation of federal law, the Telephone Consumer Protection Act 47 U.S.C. §§ 227 *et seq.* ("TCPA").  See *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).  This Court has subject matter jurisdiction because certain plaintiffs assert claims under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA").  *See* 15 U.S.C. § 1692k(d).

### B.     Personal Jurisdiction

Personal jurisdiction is not disputed.

## III.     Brief Description of Case

On October 8, 2013 the Judicial Panel on Multidistrict Litigation consolidated pending claims under the TCPA against Convergent for pretrial proceedings pursuant to 28 USC § 1407 and transferring cases to the District of Connecticut to be assigned to this Court.  The cases assigned to the Court include putative class actions and individual actions:

### A.     Putative Class Actions:

1.     *Rutigliano v. Convergent Outsourcing, Inc.*, D. Conn., No. 3:12cv01532;

2.     *Vazquez v. Convergent Outsourcing, Inc.*, N.D. Ill., No. 1:13cv00968;

3.     *Laursen v. Convergent Outsourcing, Inc.*, D. Ariz., No. 2:13cv01199; and

4.     *Bennett v. Convergent Outsourcing, Inc.*, E.D. Mich., No. 4:12cv15636.

### B.     Individual Actions

1.     *Orozco v. Convergent Outsourcing, Inc.*, E.D. Cal., No. 2:13cv00785;

2.     *Permison v. Comcast Holding Corp, Thrift Financial Marketing, and Convergent Outsourcing, Inc.,* W.D. Wash., No. 3:12cv5714;

3.      *Hakli v. Convergent Outsourcing, Inc.*, S.D. Fla., No. 3:13cv1863;

4.      *Moya v. ER Solutions, Inc.* S.D. Fla. Case No. 1:13-cv-21841-KMM;

5.      *Salmas v. Convergent Outsourcing Inc.*, Case No. 8:14-cv-00707-CJC-RNB (MDL transfer pending); and

6.      *Stephen L. Meininger, as Chapter 7 Trustee of the estate of Damir Mujic and Elida Mujic v. Convergent Outsourcing, Inc., d/b/a ER Solutions, Inc.* (M.D. Fla., No. 8:12-cv-00871) ([Joint Stipulation For Final Order of Dismissal With Prejudice as to Convergent was filed with this Court on May 21, 2014.]).

**C.      Plaintiffs' Claims**

Plaintiffs allege the following:

1.      Defendant placed non-emergency telephone calls using an automatic telephone dialing system, or an artificial or prerecorded voice, to Plaintiffs' and other similarly situated persons' cellular telephones.

2.      The telephone numbers that Defendant used to contact Plaintiffs were and are assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

3.      Defendant did not have prior express consent to make non-emergency calls to Plaintiffs and the class members on their cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice.

4.      Each of the aforementioned calls by Defendant constitutes a violation of the TCPA.

5.      Defendant is liable to Plaintiffs and the putative class members for statutory damages for each violation of the TCPA, as well as injunctive relief to prevent such calls in the future.

6.     Plaintiffs Vasquez, Laursen, Phillip Bennett and Debbie Bennett also allege on an individual basis that Defendant's practice of placing non-emergency calls to Plaintiffs' cellular telephones using an artificial or prerecorded voice or an automatic telephone dialing system, was harassing and annoying, and therefore violates § 1692d and § 1692d(5) of the FDCPA.

**D.      Defendant's Claims and Defenses**

Defendant denies Plaintiffs' characterization of the facts and law, and denies that it is liable to Plaintiffs (or any putative class member) in any respect.  Defendant denies Plaintiffs' material allegations of Plaintiffs' Consolidated Complaint.  Defendant denies liability under the TCPA and FDCPA primarily based on assertions that Plaintiffs' claims are barred by, among other things, individualized consent, the doctrine of unclean hands, laches, waiver, standing, and statute of limitations for any of Plaintiffs' claims.   In addition, Defendant raises multiple other affirmative defenses in its Answer to Plaintiffs' Consolidated Complaint.  Defendant further asserts that Plaintiffs are not entitled to recover any of the monetary and/or injunctive relief requested in the Consolidated Complaint, including actual, punitive or exemplary damages, or attorneys' fees and costs.

All of Plaintiffs' claims ultimately fail individually and as a class on the same facts.  Defendant challenges each and every element of Plaintiffs' purported class.  There is no numerosity, commonality or typicality to the unique claims of any particularly putative class member nor does Defendant believe these Plaintiffs adequately represent a class.

IV.    **Case Management Plan:**

As discussed in detail below, the parties propose the following dates (the majority of which are dependent on the outcome of class certification):

| Event | Plaintiffs' Propose Dates | Defendant's Proposed Dates |
|---|---|---|
| Fact Discovery Completion (without class certification) | January 15, 2015 | January 15, 2015 |
| Fact Discovery Completion (with class certification) | January 15, 2015 | November 30, 2015 |
| Fact Deposition Completion (without class certification) | September 30, 2014 | January 15, 2015 |
| Fact Deposition Completion (with class certification) | September 30, 2014 | November 30, 2015 |
| Plaintiffs' designation of all trial experts and production of reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) (without class certification) | October 31, 2014 | January 15, 2015 |
| Plaintiffs' Expert Depositions (without class certification) | November 28, 2014 | March 2015 |
| Defendant's designation of all trial experts and production of reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) (without class certification) | October 31, 2014 | March 2015 |
| Defendant's Expert Depositions (without class certification) | November 28, 2014 | April 2015 |
| Plaintiffs' designation of all trial experts and production of reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) (with class certification) | October 31, 2014 | November 30, 2015 |
| Plaintiffs' Expert Depositions (with class certification) | November 28, 2014 | January 2016 |
| Defendant's designation of all trial experts and production of reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) (with class certification) | October 31, 2014 | January 2016 |
| Defendant's Expert Depositions (with class certification) | November 28, 2014 | February 2016 |
| Damages Analysis | January 15, 2015 | June 1, 2014 |

5

| Deadline to file class certification motion or motion denying class certification | November 30, 2014 | November 30, 2014 |
|---|---|---|
| Deadline to file opposition to class certification motion or motion denying class certification | January 15, 2015 | January 15, 2015 |
| Dispositive Motion Cut-Off | May 31, 2015 | May 31, 2015 |
| Joint Trial Memorandum | July 31, 2015, or 30 days after disposition of dispositive motions | July 31, 2015, or 30 days after disposition of dispositive motions |
| Trial Readiness (without class certification) | May 15, 2015 | May 15, 2015 |
| Trial Readiness (with class certification) | June 2016 | June 2016 |
| Amend or Add Additional Parties | June 13, 2014 for Plaintiff July 14, 2014 for Defendant | June 13, 2014 for Plaintiff July 14, 2014 for Defendant |

**A.      Standing Order on Scheduling in Civil Cases**

The parties **do not request** modification of the deadlines in the Standing Order on Scheduling in Civil Cases but for briefing on class certification.

**B.      Scheduling Conference with the Court**

The parties **do not request** a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b) and D. Conn. L. Civ. R. 16(b).

**C.      Early Settlement Conference**

1.      The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.  Settlement remains possible although the prospects are unknown.

2.      The parties **do not request** an early settlement conference.

3.      The parties prefer a **settlement conference with a private mediator or magistrate judge**.

6

4.      The parties **do not request** a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**D.      Joinder of Parties and Amendment of Pleadings**

See Chart.

**E.      Discovery**

1.      The parties anticipate that discovery will be needed on the following subjects:

Plaintiffs:

a.      Defendant's policies and practices as they relate to the calls at issue;

b.      The placement of the calls at issue in this lawsuit and any third parties involved in that process;

c.      Defendant's procurement of the cellular telephone numbers to which the subject calls were placed and any third parties involved in that process;

d.      Defendant's defenses;

e.      The identification of the class members;

f.      Defendant's telephone dialing systems;

g.      Defendant's insurance policies;

h.      Defendant's computer databases to the extent they contain information relevant to the above.

Defendant:

  a. Rule 23 issues including class representative adequacy, the typicality of the claims, whether individualized or class issues predominate (i.e. individualized consent), numerosity, and superiority;

  b. Plaintiffs' standing and the underlying factual bases for the claims at issue;

  c. Plaintiffs' alleged damages.

The foregoing is not to be construed as an acknowledgement of the propriety of any particular discovery demand or method, and the parties' rights to object to discovery as propounded are expressly preserved.

  2. As to whether discovery should be conducted in phases or bifurcated:

Plaintiffs:

Discovery should **not** be conducted in phases or bifurcated. Discovery as to the merits of Plaintiffs' claims are necessary for the resolution of their motion for class certification. *See Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551-52 (2011); *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012). Discovery bifurcation will often be counterproductive in delaying the progress of the suit for orderly and efficient adjudication. NEWBERG ON CLASS ACTIONS (4th Ed. 2002) § 7:8 at p. 25. Thus, because of the "rigorous analysis" required by Dukes, courts are reluctant to bifurcate class-related discovery from discovery on the merits. *See, e.g., In re Community Bank of Northern Virginia Mortgage Lending Practices Litigation*, Civ. A. MDL No. 1674, 2011 WL 4382942, at *3 (W.D.Pa. Sep. 20, 2011) (denying bifurcation in light of Dukes ). Indeed, Defendant itself has put the merits at issue here by arguing

that its consent defense affects class certification. Defendant should produce that discovery or be barred from raising consent as a defense. *See Martin v. Bureau of Collection Recovery*, *LLC*, 2011 WL 2311869, at *5, (N.D.Ill. June 13, 2011); *Donnelly v. NCO Fin. Sys, Inc.*, 263 F.R.D. 500 (N.D. Ill. 2009). It is well established that "express consent is not an element of a TCPA plaintiff's prima facie case, but rather is an affirmative defense for which the defendant bears the burden of proof." *Grant v. Capital Mgmt. Servs., L.P.*, 2011 U.S. App. LEXIS 18366, *3-4 (9th Cir. September 2, 2011), *see also Donnelly v. NCO Fin. Sys.*, 263 F.R.D. 500, 503-04 (N.D. Ill. 2009)(Nolan, J.)*; Sengenberger v. Credit Control Servs.*, 2010 U.S. Dist. LEXIS 43874, *7-8 (N.D. Ill. 2010)(Zagel, J.); *Balbarin v. North Star Capital Acquisition, LLC*, 1:10-cv-1846 (N.D.Ill., Nov. 9, 2010) (Cox, J.). Moreover, Defendant has been sued before for TCPA violations and appears to have done much of the groundwork needed for discovery, which alleviates its cost.

<u>Defendant</u>:

Class-wide discovery should not be allowed until following a decision on class certification given the substantial and prejudicial time and cost involved. To the extent class-wide discovery is necessary, it should be conducted in two phases. Phase I should include merits-based discovery as to the named Plaintiffs and limited discovery as to the putative class only as to Rule 23 issues relative to Plaintiffs' anticipated motion for class certification and Defendant's anticipated opposition to same. Merits-based discovery as to the putative class should be deferred to Phase II – after the issue of class certification is decided. Convergent believes that class certification question is a threshold issue that should be decided in the first, as it will determine the scope of the case and help the

parties and the Court manage the case most effectively and efficiently.  *See*  Fed. R. Civ.

P. 23(c)(1) (stating that the Court should decide certification "[a]t an early practicable

time" after commencement of a case filed as a class action); *see also* Manual for

Complex Litigation, § 41.14 (4th Ed. (stating that "[c]ourts often bifurcate discovery

between certification issues and those related to the merits of the allegations.")  Indeed,

discovery on the merits is traditionally deferred until it is certain that the case will be

allowed to proceed as a class action.  *Eisen v. Carlisle & Jacqelin,* 417 U.S. 156, 177

(1974)

     If the Court desires briefing on the issue, the parties will be happy to file any

appropriate motion.  To that end, Defendant respectfully advises this Court of these

issues in advance and also respectfully suggests bifurcated discovery to avoid these

anticipated problems.

     3.     The parties **will not** request permission to serve more than 25

interrogatories absent class certification.

     4.     <u>Fact Depositions</u>

     Plaintiffs will require a total of 10 depositions of fact witnesses. Plaintiffs' reserve

the right to depose fact witnesses and designated representatives of Defendant on behalf

of the consolidated putative class actions.  Plaintiffs will review prior depositions taken in

this matter, and agree to make a good faith effort to avoid duplicative questions; however,

Plaintiff believes a formal order on this issue is not warranted as this Court has already

ruled on this issue in open Court on February 25, 2014.

Defendants will require a total of **7 depositions (potentially less)** of fact witnesses absent class certification and perhaps over **500 or more depositions (highly speculative – depends on class discovery)** if the class is certified, depending on whether any putative class member is indeed ascertainable.

     5.     <u>Expert Depositions</u>

Plaintiffs and defendants plan to use one or more expert witnesses at trial.

     6.     Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.

The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information:  The parties will preserve all electronically stored information. The parties will undertake to search their electronically stored records for responsive documents and information by utilizing search terms and procedures known by the disclosing party to be reasonably calculated to locate responsive documents and information.

Plaintiffs propose that all electronically stored information be produced in its native format, as well as in an electronically-searchable format to the extent the information is not electronically-searchable in its native format.

Defendant proposes that the parties will meet and confer regarding the format of retrieving any electronically stored information.

The Court has entered a Standing Protective Order that should alleviate any concerns regarding privilege or work product.  (Dkt. No. 22 at ¶ 18).

As officers of the Court, undersigned counsel agrees to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Respectfully submitted,

Dated: May 27, 2014                                        Dated: May 27, 2014

By: /s/*Keith J. Keogh* (w/permission)          By:   /s/ Craig J. Mariam
Keith J. Keogh
*Co-Lead Class Counsel*                              *Attorney for Defendant*
*for Plaintiffs*

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that on May 28, 2014, the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this document through the Court's CM/ECF System.


BY: <u>/s/ Catherine M Hirko</u>
       Catherine M Hirko

1091859/19655224v.1