UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: CONVERGENT TELEPHONE CONSUMER PROTECTION ACT LITIGATION | |
| **JENNIFER M. SHAFFER,**<br>      **Plaintiff,**<br><br>    vs.<br><br>**LVNV FUNDING, LLC & CONVERGENT OUTSOURCING, INC.,**<br>      **Defendants.** | Master Dkt. No. 3:13md2478 (AWT)<br>MDL No. 2478<br><br>Civ. No. 2:14-cv-02169-CMR (E.D. Pa.)<br><br>JULY 25, 2014 |

## DEFENDANT CONVERGENT OUTSOURCING, INC.'S ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendant, Convergent Outsourcing, Inc. ("Convergent"), by and through its attorneys, Gordon & Rees LLP, answers the Complaint of plaintiff Jennifer M. Shaffer and pleads its Affirmative Defenses as set forth below.

### COMPLAINT

1.    Responding to Paragraph 1, Convergent admits only that plaintiffs appear to have brought this action for damages pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq*. ("TCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA"). Convergent denies the remaining allegations of Paragraph 1 of the Complaint.

### JURISDICTION AND VENUE

2.    Responding to Paragraph 2, Convergent admits the issue of subject matter jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Responding to Paragraph 3, Convergent admits that venue in the District of Connecticut is proper pursuant to the Transfer Order issued on October 8, 2013 by the Judicial Panel on Multidistrict Litigation.

4. Responding to Paragraph 4, Convergent is without sufficient knowledge or information to respond to the allegations contained in Paragraph 4 of the Complaint, and on that basis denies same.

5. Responding to Paragraph 5, Paragraph 5 contains no allegations against Convergent, and therefore Convergent is not required to provide a response. Alternatively, to the extent Paragraph 5 does contain factual allegations against Convergent, Convergent is without sufficient information or knowledge to respond to the allegations, and on that basis denies same.

6. Responding to Paragraph 6, Convergent admits that it is a corporation chartered under Washington law with its principal offices in Renton, Washington and that it conducts business in this district and elsewhere in the nation. Convergent admits that it is engaged in the business of debt collection. Convergent denies all remaining allegations contained in Paragraph 6.

## FACTUAL ALLEGATIONS

7. Responding to Paragraph 7, Convergent is without sufficient information or knowledge to respond to the allegations contained in Paragraph 7 of the Complaint, and on that basis denies same.

8. Responding to Paragraph 8, Paragraph 8 alleges a legal conclusion to which no response is required. Alternatively, to the extent Paragraph 8 does contain factual allegations against Convergent, Convergent is without sufficient information or knowledge to respond to the allegations contained in Paragraph 8 of the Complaint, and on that basis denies same.

9. Responding to Paragraph 9, Paragraph 9 contains no factual allegations against Convergent and therefore no response is required. Alternatively, to the extent Paragraph 9 does contain factual allegations against Convergent, Convergent is without sufficient information or knowledge to respond to the allegations contained in Paragraph 9 of the Complaint, and on that basis denies same.

10. Responding to Paragraph 10, Convergent denies each and every allegation set forth in Paragraph 10 of the Complaint.

11. Responding to Paragraph 11, Convergent denies each and every allegation set forth in Paragraph 11 of the Complaint.

12. Responding to Paragraph 12, Convergent denies each and every allegation set forth in Paragraph 12 of the Complaint.

13. Responding to Paragraph 13, Convergent denies each and every allegation set forth in Paragraph 13 of the Complaint.

14. Responding to Paragraph 14, Convergent denies each and every allegation set forth in Paragraph 14 of the Complaint.

15. Responding to Paragraph 15, Convergent denies each and every allegation set forth in Paragraph 15 of the Complaint.

16. Responding to Paragraph 16, Convergent denies each and every allegation set forth in Paragraph 16 of the Complaint.

17. Responding to Paragraph 17, Convergent denies each and every allegation set forth in Paragraph 17 of the Complaint.

18. Responding to Paragraph 18, Convergent denies each and every allegation set forth in Paragraph 18 of the Complaint.

19. Responding to Paragraph 19, Convergent denies each and every allegation set forth in Paragraph 19 of the Complaint.

20. Responding to Paragraph 20, Convergent denies each and every allegation set forth in Paragraph 20 of the Complaint.

## COUNT I

## ALL DEFENDANTS - VIOLATIONS OF THE FDCPA

21. As to Paragraph 21, Convergent reasserts and incorporates by reference the admissions and denials in the preceding paragraphs of this Answer.

22. Responding to Paragraph 22, Convergent admits that it is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

23. Responding to Paragraph 23, Paragraph 23 alleges a legal conclusion to which no response is required. Alternatively, to the extent Paragraph 23 does contain factual allegations against Convergent, Convergent is without sufficient information or knowledge to respond to the allegations contained in Paragraph 23 of the Complaint, and on that basis denies same.

24. Responding to Paragraph 24, Paragraph 24 alleges a legal conclusion to which no response is required. Alternatively, to the extent Paragraph 24 does contain factual allegations against Convergent, Convergent is without sufficient information or knowledge to respond to the allegations contained in Paragraph 24 of the Complaint, and on that basis denies same.

25. Responding to Paragraph 25, Convergent denies each and every allegation set forth in Paragraph 25 of the Complaint.

26. Responding to Paragraph 26, Convergent denies each and every allegation set forth in Paragraph 26 of the Complaint.

27. Responding to Paragraph 27, Convergent denies each and every allegation set forth in Paragraph 27 of the Complaint.

## COUNT II

## ALL DEFENDANTS – VIOLATIONS OF THE TCPA

28. As to Paragraph 28, Convergent reasserts and incorporates by reference the admissions and denials in the preceding paragraphs of this Answer.

29. Responding to Paragraph 29, Convergent denies each and every allegation set forth in Paragraph 29 of the Complaint.

30. Responding to Paragraph 30, Convergent denies each and every allegation set forth in Paragraph 30 of the Complaint.

31. Responding to Paragraph 31, Convergent denies each and every allegation set forth in Paragraph 31 of the Complaint.

32. Responding to Paragraph 32, Convergent denies each and every allegation set forth in Paragraph 32 of the Complaint.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure ("FRCP"), Convergent sets forth the following matters constituting an avoidance or affirmative defense:

### FIRST AFFIRMATIVE DEFENSE

Convergent has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under the TCPA. 47 U.S.C. § 227(C)(5).

### SECOND AFFIRMATIVE DEFENSE

Plaintiff consented to the acts and events set forth in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

The alleged claims in the Complaint, and each of them, are barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

The alleged misconduct was the result of a *bona fide* error under 15 U.S.C. § 1692k(c).

### FIFTH AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

The alleged claims in the Complaint, and each of them, are uncertain, ambiguous, and/or unintelligible.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action alleged therein, is barred by the applicable statute of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has unreasonably delayed in bringing this action to the prejudice of this answering defendant and is therefore barred from bringing this action by the doctrine of laches.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to name all necessary and indispensable parties to this action.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred due to privilege, absolute or qualified, including, but not limited to, the litigation privilege and/or the common interest privilege.

**ELEVENTH AFFIRMATIVE DEFENSE**

No act or omission of this answering defendant was a substantial factor in bringing about the damages alleged, nor was any act or omission of this answering defendant a contributing cause thereof. Any alleged acts or omissions of this answering defendant were superseded by the acts or omissions of others, including plaintiff or other third parties named or not named as in the complaint, which were the independent, intervening and proximate cause of the damage or loss allegedly sustained by plaintiff.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff assisted, consulted, directed, ordered, approved and/or ratified this answer in defendant's conduct, and is therefore estopped from claiming any damages, if any, there were.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendant is informed and believes and thereon alleges that, in the event it is held liable to plaintiff, which liability is expressly denied, and any co-defendants or cross-defendants are likewise held liable, this defendant is entitled to a percentage contribution of the total liability from said co-defendants and cross-defendants in accordance with the principles of equitable indemnity and comparative contribution.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff and/or other third parties, their agents and employees, and each of them, were actively or passively negligent in and about the matters alleged in the complaint, and said negligence proximately and concurrently contributed to the damages described therein and bars any recovery to the extent thereof.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendant alleges that, as to each cause of action, although defendant denies that it committed or is responsible for any act or omission that could support the recovery of punitive damages in this action, if and to the extent any such act or omission is found, recovery of such punitive damages against defendant is unconstitutional under the United States Constitution, including: the Excessive Fines Clause of the Eighth Amendment, the Due Process Clause of the Fifth Amendment and Section One of the Fourteenth Amendment and other provisions of the United States Constitution.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendant is informed and believes, and upon such information and belief alleges, plaintiff's claims as against defendant are barred because defendant was justified in doing any and/or all of the acts alleged in the Complaint, if it performed any such acts.  Defendant's conduct was justified because, among other reasons, it attempted in good faith to comply with all legal requirements imposed on it, and defendant acted reasonably and with a good faith belief in the propriety of its conduct.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff failed to take reasonable steps to mitigate, alter, reduce, or otherwise diminish his alleged damages, and accordingly, is barred from recovery of any damages that might have been prevented by such mitigation.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff lacks standing or capacity to bring or maintain this action or obtain the relief sought because (1) plaintiff has not been harmed or suffered "injury in fact" by the alleged conduct at issue regardless of whether plaintiff seeks only statutory damages.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) and/or (2) because the TCPA does not apply to non-telemarketing calls; and/or (3) plaintiff does not fall within the definition of a "debtor" under the Federal Fair Debt Collections Practices Act.  Further, it would appear self-evident that the recipient of a cell phone call would first be required to demonstrate cognizable injury, that is,

that he was both (1) charged and (2) paid for the call.  *See* 47 U.S.C. §227(b)(1)(A)(iii).

## NINETEENTH AFFIRMATIVE DEFENSE

When one accepts credit, such as plaintiff, here, plaintiff impliedly consents for the creditor, such as defendant, here, to take reasonable steps to pursue payment even though it may result in actual, though not actionable, invasion of privacy.  In the debtor-creditor situation, the right of a debtor to privacy is subject to the right of a creditor to take reasonable steps to collect the debt.

## TWENTIETH AFFIRMATIVE DEFENSE

The subject telephone system is not an "automatic telephone dialing system" under the TCPA because the telephone system does not use a "random or sequential number generator" to store or produce telephone numbers and/or the equipment lacks current capacity to generate and dial random or sequential numbers.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Complaint and its alleged causes of action are barred because the relief sought by plaintiff would, if granted, unjustly enrich plaintiff.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant engaged in good faith reliance on an advisory opinion of the Consumer Financial Protection Bureau.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The Complaint and each cause of action contained therein may be barred as to any alleged cell phone calls received by plaintiff where the calls were not charged to him (e.g., unlimited cell phone plans).  *See, e.g.,* 47 U.S.C. §227(b)(2)(C).

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to privilege, absolute or qualified, including, but not limited to, the litigation privilege and/or the common interest privilege.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

No act or omission of Convergent was a substantial factor in bringing about the damages

alleged, nor was any act or omission of Convergent a contributing cause thereof. Any alleged acts or omissions of Convergent were superseded by the acts or omissions of others, including plaintiff or other third parties named or not named as in the Complaint, which were the independent, intervening and proximate cause of the damage or loss allegedly sustained by plaintiff.

WHEREFORE, Convergent prays for judgment as follows:

1. That plaintiff takes nothing by her complaint;
2. That the Complaint be dismissed in its entirety with prejudice;
3. That Convergent be awarded all attorneys' fees and costs; and
4. That the Court award such other and further relief as it deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, defendant Convergent hereby demands its right to a trial by jury on all issues triable to a jury.

Respectfully Submitted,

Defendant,

Convergent Outsourcing, Inc.

BY  /s/ Craig J. Mariam
Craig J. Mariam (*Pro Hac Vice*)
Thomas C. Blatchley (ct25892)
Gordon & Rees LLP
95 Glastonbury Blvd., Ste. 206
Glastonbury, CT 06033
Phone: (860) 278-7448
Fax: (860) 560-0185
Email: tblatchley@gordonrees.com
cmariam@gordonrees.com
Its Attorneys

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 25, 2014, the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this document through the Court's CM/ECF System

/s/ *Catherine Hirko*

Catherine Hirko