**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-----------------------------x
                             :
IN RE                        : Master Dkt. No. 3:13md2478 (AWT)
CONVERGENT OUTSOURCING, INC. : MDL No. 2478
TELEPHONE CONSUMER           :
PROTECTION ACT LITIGATION    : Pretrial Order No. 5
                             :
-----------------------------x
                             :
THIS DOCUMENT RELATES TO:    :
                             :
CINDY VAZQUEZ, individually  : Civ. No.: 3:13-cv-01866(AWT)
and on behalf of others      :
similarly situated,          :
                             :
          Plaintiff,         :
                             :
          v.                 :
                             :
CONVERGENT OUTSOURCING, INC.,:
                             :
          Defendant.         :
                             :
-----------------------------x
```

**ORDER RE PLAINTIFF VAZQUEZ'S**
**MOTION FOR A PROTECTIVE ORDER**

For the reasons set forth below, Plaintiff Vazquez's Motion for a Protective Order (Doc. No. 60) ("Pl.'s Mot.") is hereby DENIED.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "The party

-1-

seeking discovery bears the burden of initially showing
relevance." <u>Mandell v. The Maxon Company, Inc.</u>, No. 06 Civ.
460(RWS), 2007 WL 3022552, at *1 (S.D.N.Y. Oct. 16, 2007)
(quoting <u>Zanowic v. Reno</u>, No. 97Civ.5292(JGK)(HBP), 2000 WL
1376251, at *6 (S.D.N.Y. Sept. 25, 2000))(brackets omitted).  "A
party or any person from whom discovery is sought may move for a
protective order in the court where the action is
pending . . . . The court may, for good cause, issue an order to
protect a party or person from annoyance, embarrassment,
oppression, or undue burden . . . ."  Fed. R. Civ. P. 26(c)(1).

Defendant Convergent Outsourcing, Inc. ("Convergent") has
served on plaintiff Cindy Vazquez ("Vazquez") a request for
production of certain documents, namely her telephone records,
pursuant to Fed. R. Civ. P. 34.  The documents contain
information relevant to Vazquez's chain of ownership with
respect to the cellular telephone number at issue, to damages,
and to potential affirmative defenses, such as whether Vazquez
placed any calls to Convergent or a Convergent client and
whether Vazquez engaged in any call forwarding or other
irregular phone uses.

It is undisputed that the documents at issue contain both
relevant and irrelevant information.  This means the documents
themselves are relevant.  See <u>Orion Power Midwest, L.P, v. Am.</u>
<u>Coal Sales Co.</u>, No., 2:05-CV-555 2008 WL 4462301, at *2 (W.D.

Pa. Sept. 30, 2008) ("Rule 34 talks about production of 'documents' as opposed to the relevant information contained in those documents").  Thus, Convergent has met its burden with respect to demonstrating relevance.

Vazquez seeks a protective order pursuant to which information in the documents that is irrelevant would be redacted.  The sole basis proffered for having those portions of the documents redacted is that the information is irrelevant. That is not sufficient under Rule 26(c).

Moreover, "[g]enerally, the Federal Rules provide no procedural device for unilateral redaction by a party and it is a procedure that is not favored." In re FedEx Ground Package Sys., Inc., 2007 WL 79312 *5 (N.D. Ind. Jan. 5, 2007).  Context is important in evaluating the contents of a portion of a document, as recognized in In re State Street Bank & Trust Co. Fixed Income Funds Inv. Litig., No. 08-MD-1945, 2009 WL 1026013, at *1 (S.D.N.Y. Apr. 8, 2009) ("In my view, such redactions are generally unwise.  They breed suspicions, and they may deprive the reader of context."). In addition, allowing unilateral redactions based on the redacting party's view of what is relevant only leads to litigation of collateral issues and a waste of judicial resources, as recognized In re Medeva Sec. Litig., No. 93-KN-4376, 1995 WL 943468 (C.D. Ca. May 30, 1995):

> Even when implemented with restraint and in good faith, the practice frequently gives rise to suspicion that relevant material harmful to the producing party has been obscured. It also tends to make documents confusing or difficult to use. All too often, the practice results in litigation of collateral issues and <u>in camera</u> review of documents by the Court, with the result that the time of both counsel and the Court is wasted. These drawbacks ordinarily outweigh the minimal harm that may result from disclosure of some irrelevant material.

<u>Id.</u> at *3.

Vazquez contends that because Convergent would need to call each number listed in Vazquez's records in order to obtain benefit from unredacted documents, Convergent's effort "is only likely to harass Ms. Vazquez's friends, family and acquaintances, and embarrass Ms. Vazquez." (Pl.'s Mot. at 5.) To the extent that Vazquez asserts that Convergent is likely to harass Vazquez and her friends and acquaintances by indiscriminately making calls, Convergent has sufficiently explained how its approach would not involve indiscriminately calling the numbers shown in Vazquez's records. (<u>See</u> Def.'s Mem. in Opp'n at 13.)

It is so ordered.

Dated this 30th day of October, 2014, at Hartford, Connecticut.

/s/
_____
Alvin W. Thompson
United States District Judge

-4-