**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| IN RE | ) | |
| CONVERGENT OUTSOURCING, INC. | ) | Master Docket No. 3:13-md-2478-AWT |
| TELEPHONE CONSUMER | ) | MDL No. 2478 |
| PROTECTION ACT LITIGATION | ) | |
| | ) | |
| _____ | ) | JULY 2, 2015 |

**PLAINTIFF VAZQUEZ'S RESPONSE**
**TO DEFENDANT'S UNILATERAL STATUS REPORT**

Plaintiff responds to Defendant's unilateral discovery status report (ECF No. 55[1]), which Defendant filed in violation of the Court's order requiring discovery issues to be raised by joint status report (MDL Dkt. No. 86, ¶ VII). Defendant unilaterally filed its report on July 2, 2015, even though it admits that Plaintiff's counsel told Defendant, on June 18th, that Plaintiff would give Defendant her portion of the joint report by no later than July 3rd. In other words, Defendant could have complied with the Court's order if it had just waited a few more hours.

Defendant also neglects to mention that Plaintiff's counsel explained to Defendant's counsel why they could not complete Ms. Vazquez's section sooner, *i.e.*, a series of depositions and major briefing deadlines through July 1st. See ECF No. 55-2 (Email String) at Hilicki 6/18 Email and Hilicki 6/26 Email. Plaintiff's counsel also noted that there did not appear to be any deadline or other circumstance requiring a quicker response (6/26 Hilicki Email). Defendant did not claim otherwise. Thus, the only apparent reason for Defendant's refusal to wait a few more hours for Plaintiff's section is so it could publicly accuse Ms. Vazquez's counsel of "delay."

Regardless, Defendant's discovery demand should be denied for seeking irrelevant

_____

[1] Defendant filed its Status Report on Discovery Dispute under Case Number 3:13-cv-01866-AWT.

matter, being contrary to law and, in the case of one request, duplicative of the prior requests Plaintiff already answered.

II.   **Plaintiff's Position**

A.   **Plaintiff's Personal Tax and Alleged Business License Information Is Irrelevant to any Issue, and Requiring Its Production Is Contrary to Law.**

This is a spam robocall call case where Ms. Vasquez did not owe the debt that Convergent was attempting to collect. This is not a tax case or a business licensing case. The elements of a claim under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), are whether Defendant called Ms. Vazquez using an artificial or prerecorded voice, or an automated telephone dialing system, without her prior express consent. Ms. Vazquez alleges Defendant violated the TCPA by repeatedly making robo-debt collection calls to her to try to collect a debt owed by someone with an entirely different name than her, even after she told Defendant to stop calling her and that she was not the person Defendant's was trying to reach. Ms. Vazquez's tax and business history have nothing to do with these claims or any defense thereto.

Yet Defendant seeks to compel Plaintiff to produce *ten years* of state and federal tax records, to also produce admissions about *ten years* of state and federal tax filings, to determine whether she earned enough to meet the minimum threshold for filing a federal tax return in *each* year over that same ten-year period, and to produce licensing information about a small salon Defendant claims she operated. Putting aside the difficulty of compiling such expansive information, Defendant does not identify any basis in the TCPA for seeking it. It also does not cite any case that states that Plaintiff's personal tax or business history have any relevance to any claim or defense under the TCPA. Nor can it because, of course, they do not.

2

Instead, Defendant claims this information is relevant because Ms. Vazquez is a proposed class representative. However, her personal tax and business history have no bearing on her adequacy as class representative. The test for determining Ms. Vazquez's adequacy as a class representative is simply whether her claims have any "fundamental conflicts" with the class members' claims. *See Charron v. Wiener*, 731 F.3d 241, 249-250 (2d Cir. 2013). Defendant does not cite any case or provide any reasoning to explain why Ms. Vazquez's tax or business history could create a conflict between her unrelated TCPA claim and the class members' TCPA claims.

By contrast, there is ample authority holding that a plaintiff is adequate to represent a class despite the alleged personal tax or financial issues unrelated to the case. *See*, *e.g.*, *Ruffin v. Entm't of the E. Panhandle*, No. 11-cv-19, 2012 U.S. Dist. LEXIS 161420 at *23-*24 (N.D. W.Va. Nov. 9, 2012) (plaintiff adequate class representative despite defendant's argument that plaintiff had not filed a tax return in past 6 years). Likewise, evidence of alleged "wrongdoing" that is unrelated to the case is not a basis for challenging adequacy. *See Jane B. v. New York City Dep't of Social Servs.*, 117 F.R.D. 64, 71 (S.D.N.Y. 1987) ("the courts look to personal characteristics *only* insofar as they touch upon the lawsuit.") (finding the plaintiffs to be adequate to represent the class despite their history of juvenile delinquency) (italics added).

If Defendant had a legitimate basis to argue that Ms. Vazquez's tax or personal business records were relevant and/or could create an actual conflict between her TCPA claims and the class members' TCPA claims, Defendant would have sought that same information from all of the proposed class representatives, not just Ms. Vazquez. But of course it has not.

The two cases Defendant cites do not support its position. *See Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949); *Weisman v. Darneille*, 78 F.R.D. 669 (S.D.N.Y.

3

1978). Neither address whether a plaintiff's personal tax and business matters are discoverable when they have nothing to do with the issues in the case. Moreover, *Cohen* was not even a class action; it was a shareholder derivative action, which is governed by Federal Rule 23.1, not Federal Rule 23. *Cohen*, 337 U.S. at 549; *see also* Fed. R. Civ. P. 23.1.

Finally, Defendant's bid for Plaintiff's tax information is contrary to the weight of authority holding that absent extraordinary circumstances, a party is not allowed to discover another party's tax information:

> To compel the disclosure of income tax returns, a two-part test must be satisfied:
> (1) the returns must be relevant to the subject matter of the action and (2) there
> must be a compelling need for the returns because the information is not
> 'otherwise readily available.'

*Mendoza v. Testo*, No. 14cv1664 (AWT), 2015 U.S. Dist. LEXIS 73614 at *3-*4 (D. Conn. Jun. 8, 2015) (citation omitted); *see also Bernstein v. Mafcote*, No. 12cv311, 2014 U.S. Dist. LEXIS 98498 at *7 (D. Conn. July 21, 2014) (same), *citing Gattegno v. PriceWaterhouseCoopers, LLP*, 205 F.R.D. 70, 72 (D. Conn. 2001) (compiling cases). In addition to its inability to prove relevance, Defendant does not even suggest that it has any compelling need for Plaintiff's tax records or filing information. Accordingly, Defendant's request for Plaintiff's tax and alleged business license information in its most-recent Requests for Admissions (RFAs) 1-31, and its most-recent Requests for Production (RFPs) 1-20 and 23-25, should be denied.

**B.    Defendant's Demand for Communications Is Duplicative of Its Prior Requests,
Which Plaintiff Already Answered.**

The sole remaining request Defendant seeks to compel a response to is its most-recent Request for Production (RFP) No. 21, which seeks "all documents, including any diaries or notebooks, *concerning any communications* between you and Convergent." However, Defendant

does not address Ms. Vazquez's principal objection to this request.

As Ms. Vazquez informed Defendant in her response, this request is objectionable because Ms. Vazquez already answered two prior requests for production from Defendant that cover this same information: "Plaintiff also objects to this request as duplicative of Request Nos. 25 and 26 of Defendant's August 1, 2014 requests for production. Subject to and without waiving these objections, please see Plaintiff's objections and responses to those requests." (ECF No. 55-5 (Vazquez's Responses) at pp. 10-11 (Response to Request for Production No. 21).

Requests number 25 and 26 of Defendant's August 1, 2014 requests for production seek the same information as its current Request for production 21 because they state:

> **Request for Production 25:** Please produce *all documents concerning any oral or written communications* between you and *any person* (excluding privileged communications with your attorneys) concerning the allegations in the Consolidated Amended Complaint.
>
> **Request for Production 26:** Please produce all documents, including notes and memoranda, you prepared from January 2012 to the present, *concerning any communications between you and any persons* (excluding privilege communications with your attorneys) *concerning Convergent* and/or the matters at issue in the Consolidated Amended Complaint.

(Declaration of Michael Hilicki, filed herewith, at Exhibit 1 (Excerpt of Defendant's Second Request for Production (August 1, 2014), at pp.10-11 (italics added)).

In other words, as shown, these requests already cover all documents concerning any communications between Ms. Vazquez and Convergent. Moreover, Ms. Vazquez already agreed to produce documents responsive to requests 25 and 26, and Defendant does not challenge the sufficiency of her responses to those requests. In other words, Ms. Vasquez has already responded to this request and there is nothing more to compel. That should end the matter.

It is abusive for Defendant to serve multiple requests seeking the same information

multiple times over the course of a case, and it's even more abusive to move to compel a response to duplicative requests. In the parties' meet and confer, Defendant's counsel did not state any justification for serving duplicative document requests on Ms. Vazquez, let alone for compelling her to respond to them again. Ms. Vazquez should only have to respond to requests for information once. Accordingly, Defendant's request to compel a response to its most-recent request for documents "concerning any communication" (RFP No. 21) also should be denied.

Respectfully submitted,

By: /s/ Michael S. Hilicki
Keith J. Keogh
Michael S. Hilicki
KEOGH LAW, LTD.
55 W. Monroe St., Suite 3390
Chicago, Illinois   60603
312.726.1092 (office)
312.726.1093 (fax)
Keith@KeoghLaw.com
MHilicki@keoghlaw.com

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on July 2, 2015, the **Plaintiff Vazquez's Response To Defendant's Unilateral Status Report** was filed and served on counsel of record for all parties who have appeared in this case and registered to receive notices via the CM/ECF system for the District of Connecticut, and that this document was served on the following other persons who did not so appear by regular mail at the addresses listed below:

Guy Manning
5685 North Juliano Road
Las Vegas, NV 89149

Jerry William Robinson
3837 Peach Orchard Circle
Portsmouth, VA 23703

John J. Tauro
11 Cornell Ave., #2
Pittsburgh, PA 15229

Mark Anthony Lambert
MORGAN & MORGAN, PA - Memphis
40 South Main Street
Suite 2600
Memphis, TN 38103

Timothy J. Dietz
2503 34th Avenue
Longview, WA 98632

s/ Michael S. Hilicki
Michael S. Hilicki

1091859/23747551v.2