UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

**IN RE: CONVERGENT OUTSOURCING, INC.**  MDL No. 2478
**TELPHONE CONSUMER**
**PROTECTION ACT LITIGATION**

---

**JERRY WILIAM ROBINSON**
        **Plaintiff,**  3:14-cv-01606-AWT

**V.**

**CONVERGENT OUTSOURCING, INC.**
        **Defendant.**

---

**JOHN J. TAURO,**
        **Plaintiff,**  3:14-cv-01528-AWT

**V.**

**CONVERGENT OUTSOURCING, INC.**
        **Defendant.**

---
JULY 10, 2015

**CONVERGENT OUTSOURCING, INC.'S MEMORANDUM OF LAW
IN SUPPORT OF THE CONSTITUTIONALITY OF THE
MULTIDISTRICT LITIGATION STATUTE, 28 U.S.C. § 1407**

**TABLE OF CONTENTS**

**Page**

I. THE MDL STATUTE AND MDL PANEL ................................................................... 1

II. ARGUMENT ................................................................................................................ 2

III. CONCLUSION ............................................................................................................. 4

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re "Agent Orang" Prod. Liab. Litig.*
  818 F.2d 145 (2d Cir. 1987)
  *cert. denied, Pinkney v. Dow Chemical Co.*
  484 U.S. 1004 (1988) ............................................................................................... 3

*In re FMC Corp. Patent Litig.*
  422 F. Supp. 1163 (J.P.M.L. 1976) .......................................................................... 4

*In re Revenue Properties Co.*
  309 F. Supp. 1002 (J.P.M.L. 1970) .......................................................................... 4

*In re Sugar Industry Antitrust Litig.*
  399 F. Supp. 1397 (J.P.M.L. 1975 ............................................................................ 4

*Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*
  523 U.S. 26 (1998) .................................................................................................... 2

*Mississippi Publishing Corp. v. Murphree*
  326 U.S. 438 (1946) ............................................................................................. 3, 4

**Statutes**

28 United States Code
  Section 1407 .................................................................................................... 1, 2, 4

47 United States Code
  Section 227 ............................................................................................................... 4

Defendant Convergent Outsourcing, Inc. ("Convergent") respectfully submits to this Honorable Court this Memorandum of Law in Support of the Constitutionality of the Multidistrict Litigation Statute, 28 U.S.C. § 1407 (the "MDL Statute"), which plaintiff John J. Tauro ("Mr. Tauro") and plaintiff Jerry William Robinson ("Mr. Robinson") challenge in their respective motions. *See* Notice of Constitutional Question (Dkt. No. 39); Motion to Declare the Transfer from the Western District of Pennsylvania to the District of Connecticut Unconstitutional as Applied (Dkt. No. 40); and Motion to Remand (Dkt. No. 33). For the reasons discussed below, in addition to the arguments set forth by the United States of America, which pleadings and arguments are hereby incorporated by referenced herein,[1] the Court should reject plaintiffs' challenges to the constitutionality of the Multidistrict Litigation Statute, 28 U.S.C. § 1407.

## I.   THE MDL STATUTE AND MDL PANEL

The United States Judicial Panel on Multidistrict Litigation, known informally as the MDL Panel, was created by an Act of Congress in 1968 – 28 U.S.C. § 1407. *See* http://www.jpml.uscourts.gov/panel-info/overview-panel (last visited July 10, 2015).[2] The purpose of the MDL Panel is to (1) determine whether civil actions pending in different federal districts involve one or more common questions of fact such that the actions should be transferred to one federal district for coordinated or consolidated pretrial proceedings; and (2) select the judge or judges and court assigned to conduct such proceedings. *Id*. The purposes of the transfer or "centralization" process are to avoid duplication of discovery, to prevent inconsistent pretrial rulings, and to conserve the resources of the parties, their counsel and the

---

[1] Docket Nos. 58 and 59 in the *Tauro* member case (Dkt. No. 3:14-cv-01528-AWT (D. Conn.)); Docket Nos. 38 and 39 in the *Robinson* member case (Dkt. No. 3:14-cv-01606-AWT (D. Conn.)); and Docket Nos. 174 and 175 in the MDL master case (Dkt No. 3:13-md-02478-AWT (D. Conn.)).

[2] The MDL Panel consists of seven sitting federal judges, who are appointed to serve on the Panel by the Chief Justice of the United States Supreme Court. *Id*.

judiciary. *Id*. Significantly, especially as it relates to some of the concerns raised by Messrs. Tauro and Robinson in this litigation, transferred actions not terminated in the transferee district are remanded to their originating transferor districts by the MDL Panel at or before the conclusion of the centralized pretrial proceedings. *Id*.; *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 28, 34-35 (1998).

Since its inception, the MDL Panel has considered motions for centralization in more than 2,500 dockets involving over 500,000 cases and millions of claims therein. *Id*. These dockets encompass diverse litigation such single accidents involving airplane crashes, train wrecks or hotel fires; mast torts such as those involving asbestos, drugs and other product liability cases; patent invalidity and infringement; antitrust price fixing; data security breaches; securities fraud; and employment practices. *Id*.

## II.  ARGUMENT

At the outset, and as noted above, Convergent hereby incorporates by reference as if more fully set forth herein the arguments advanced by the United States of America in opposition to plaintiffs' constitutional challenge of the MDL Statute. *See* Docket Nos. 58 and 59 in the *Tauro* member case (Dkt. No. 3:14-cv-01528-AWT (D. Conn.)); Docket Nos. 38 and 39 in the *Robinson* member case (Dkt. No. 3:14-cv-01606-AWT (D. Conn.)); and Docket Nos. 174 and 175 in the MDL master case (Dkt No. 3:13-md-02478-AWT (D. Conn.)). The Court should reject plaintiffs' challenges to the constitutionality of the Multidistrict Litigation Statute, 28 U.S.C. § 1407.

Despite the MDL Statute having been in existence since 1968, and MDL Panel having considered motions for centralization in more than 2,500 dockets involving over 500,000 cases and millions of claims therein, plaintiffs raise the same tired constitutional challenges without any substantive analysis or support, which alone is a basis to deny their challenges. More

substantively, however, plaintiffs constitutional challenges have already been rejected by the Second Circuit and the MDL Panel and they offer no arguments that support declaring the MDL Statute unconstitutional.

The Court should reject plaintiffs' constitutional challenge, as the MDL Statute stands on firm constitutional footing. The MDL Statute is a proper exercise of Congress's Article I power to create and regulate lower federal courts. Congress may, consistent with the Due Process Clause, authorize the federal courts to exercise nationwide personal jurisdiction. The MDL Statute is also not unconstitutional as applied to TCPA actions brought by private parties because the MDL Statute does not differentiate between TCPA actions brought by state attorneys general and those brought by private parties. The MDL Statute is constitutional, and the Court should reject plaintiffs' constitutional challenge.

Plaintiffs seem to base their constitutional challenge on due process and venue issues. The Second Circuit and the MDL Panel have consistently rejected these types of constitutional challenges. For example, in *In re "Agent Orang" Prod. Liab. Litig.*, 818 F.2d 145 (2d Cir. 1987), *cert. denied*, *Pinkney v. Dow Chemical Co.*, 484 U.S. 1004 (1988), appellants argued that the district court was barred from the due process clause of the Fifth Amendment from exercising personal jurisdiction over class members who lacked sufficient contacts with New York, the location of the transferee district. Rejecting this argument, the Court found (and the appellants conceded) that Congress may, consistent with the due process clause, enact legislation authorizing the federal courts to exercise nationwide personal jurisdiction. *Id*. at 163 (citing *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 442 (1946) ("Congress could provide for service of process anywhere in the United States")). Recognizing the MDL Statute as one such piece of legislation, the Second Circuit found that the district court was acting pursuant to a

3

valid transfer order of the MDL Panel that was created by the MDL Statute. *Id*. And as the MDL Panel has recognized,

> Transfers under Section 1407 are simply not emcumbered by considerations of in personam jurisdiction and venue . . . . Following a transfer, the transferee judge has all the jurisdiction and powers over pretrial proceedings in the actions transferred to him that the transferor judge would have had in the absence of such transfer.

*Id*. (quoting *In re FMC Corp. Patent Litig*., 422 F. Supp. 1163, 1165 (J.P.M.L. 1976) (citations omitted)). *See also In re Sugar Industry Antitrust Litig*., 399 F. Supp. 1397, 1400 (J.P.M.L. 1975) (rejecting due process challenge); *In re Revenue Properties Co*., 309 F. Supp. 1002, 1004 (J.P.M.L. 1970). Accordingly, the Court rejected appellants' argument

      This Court should similarly reject plaintiffs' constitutional challenges based on jurisdiction and venue. Plaintiffs' arguments, entirely unsupported by caselaw, are based on a total misconception of the MDL Statute and constitutional law. As noted, transfers under the MDL Statute are not encumbered by considerations of in personal jurisdiction and venue. Plaintiffs gloss over the fact that a transfer under the MDL Statute is, in essence, a change of venue for pretrial purposes. Following a transfer, the transferee judge has all the jurisdiction and powers over pretrial proceedings in the actions transferred to him that the transferor judge would have had in the absence of a transfer. Contrary to plaintiffs' unsupported arguments, the MDL Statute is constitutional.

### III.    CONCLUSION

      Wherefore, for the foregoing reasons, the Court should reject plaintiffs' challenges to the constitutionality of the Multidistrict Litigation Statute, 47 U.S.C. § 227.

                                          By: _/s/ Thomas C. Blatchley_____
                                          Thomas C. Blatchley (ct25892)
                                          Craig J. Mariam (*pro hac vice*)
                                          Allison J. Fernandez (*pro hac vice*)
                                          Gordon & Rees LLP
                                          95 Glastonbury Blvd., Ste. 206
                                          Glastonbury, CT 06033
                                          860-494-7448 (t)
                                          860-560-0185 (f)
                                          cmariam@gordonrees.com
                                          tblatchley@gordonrees.com
                                          afernandez@gordonrees.com
                                          *Attorneys for Defendant Convergent Outsourcing, Inc.*

.

## CERTIFICATE OF SERVICE

       I hereby certify that on July 10, 2015, the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  A Chambers Copy of this filing will also be sent by mail to Judge Thompson's law clerk, Sean Koehler.  Parties may access this document through the court's CM/ECF System.

                                        /s/ Ashley Bello_____
                                         Ashley Bello