UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

**IN RE: CONVERGENT TELEPHONE
CONSUMER PROTECTION ACT LITIGATION**

MDL No. 2478

---

## <u>EXHIBIT A TO MEMORANDUM IN SUPPORT OF CLASS PLAINTIFFS' UNOPPOSED MOTION TO PRELIMINARILY APPROVE CLASS ACTION SETTLEMENT</u>

# EXHIBIT A

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release (the "Agreement") is entered into by and between Plaintiffs Cindy Vazquez ("Vazquez"), Debbie Bennett and Phillip Bennett (collectively, the "Bennetts"), Diana Austin ("Austin"), and Cherie Laursen ("Laursen"), (hereinafter collectively referred to as "Class Plaintiffs"), on behalf of themselves and the Rule 23(b)(3) class (as defined below), on the one hand, and Defendant Convergent Outsourcing, Inc. ("Convergent"), on the other hand.

This Agreement is entered into by and between Plaintiff Austin (hereinafter referred to as "Injunction Class Plaintiff") on behalf of herself and the Rule 23(b)(2) class (as defined below), on the one hand, and Defendant Convergent on the other hand. The Class Plaintiffs, Injunction Class Plaintiff and Convergent shall sometimes be collectively referred to herein as the "Parties." This Agreement is made effective as of February 2, 2016 ("Effective Date").

Class Plaintiffs, Injunction Class Plaintiff, their respective Class Counsel (as defined below) and Convergent hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Agreement and upon entry by the Court (as defined below) of a Final Approval Order (as defined below), all claims of Class Plaintiffs, Injunction Class Plaintiff, the Rule 23(b)(3) Class Members (as defined below) and the Rule 23(b)(2) Class Members (as defined below) in the multi-district litigation action entitled *In re Convergent Telephone Consumer Protection Act Litigation*, United States District Court for the District of Connecticut, Case No. 3:13-md-02478-AWT; MDL No. 2478 (the "MDL Action"), inclusive of each and every individual or putative class action therein (so long as such cases are within the class definition proposed herein), shall be forever and fully settled, compromised and released upon the terms and conditions contained herein.

## 1.    RECITALS

**1.1**    Convergent Outsourcing, Inc. is a Washington corporation, the principal purpose of which is the collection of debts.

1.2     On October 26, 2012, Victoria Rutigliano ("Rutigliano") filed a Complaint in the United States District Court for the District of Connecticut entitled *Rutigliano v. Convergent Outsourcing, Inc.*, No. 3:12-cv-01532 (D. Conn.) (the "*Rutigliano*").[1]   On November 2, 2012, Rutigliano and Austin filed an Amended Complaint in the Rutigliano Action.   The Amended Complaint in the *Rutigliano* Action alleges that Convergent violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") by using an automatic telephone dialing system and/or an artificial or prerecorded voice to call cell phones without the prior express consent of Rutigliano or the putative class members.

1.3     On December 12, 2012, the Bennetts filed a Complaint in the United States District Court for the Eastern District of Michigan entitled *Bennett v. Convergent Outsourcing, Inc.*, No. 4:12-cv-15636 (E.D. Mich.) (the "*Bennett* Action").   The Complaint in the *Bennett* Action alleges that Convergent violated the TCPA by using an automatic telephone dialing system and/or an artificial or prerecorded voice to call cell phones without the prior express consent of the Bennetts or the putative class members.

1.4     On February 6, 2013, Vazquez filed a Complaint in the United States District Court for the Northern District of Illinois entitled *Vazquez v. Convergent Outsourcing, Inc.*, No. 1:13-cv-00968 (N.D. Ill.) (the "*Vazquez* Action").   The Complaint in the *Vazquez* Action alleges that Convergent violated the TCPA by using an automatic telephone dialing system and/or an artificial or prerecorded voice to call cell phones without the prior express consent of Vazquez or the putative class members.

1.5     On June 13, 2013, Laursen filed a Complaint in the United States District Court for the District of Arizona entitled *Laursen v. Convergent Outsourcing, Inc.*, No. 2:13-cv-01199 (D. Ariz.) (the "*Laursen* Action").   The Complaint in the *Laursen* Action alleges that Convergent

---

[1] Rutigliano is not a party to this Agreement because her claims, both in an individual and representative capacity, have been dismissed with prejudice. *See* Dkt. No. 39 in the *Rutigliano* Action (Order Dismissing Claims of Victoria Rutigliano with Prejudice).

violated the TCPA by using an automatic telephone dialing system and/or an artificial or prerecorded voice to call cell phones without the prior express consent of Laursen or the putative class members.

      **1.6**    On November 5, 2013, the Judicial Panel on Multidistrict Litigation consolidated the *Rutigliano* Action, the *Vazquez* Action, the *Laursen* Action, and the *Bennett* Action as the MDL Action.

      **1.7**    In the MDL Action, the Class Plaintiffs filed a Consolidated Amended Complaint on March 31, 2014 that alleges that Convergent violated the TCPA by using an automatic telephone dialing system and/or an artificial or prerecorded voice to call cell phones without the prior express consent of Class Plaintiffs or the putative class members.

      **1.8**    Convergent denies all material allegations of the Complaints in the *Rutigliano* Action, the *Vazquez* Action, the *Laursen* Action, the *Bennett* Action and the Consolidated Amended Complaint in the MDL Action (collectively, the "Actions"). Convergent specifically disputes that it used an automated dialer or prerecorded voice message to contact the Class Plaintiffs or putative class members without their prior express consent, disputes that it violated the TCPA, and disputes that Class Plaintiffs and putative class members are entitled to any relief from Convergent. Convergent further contends that the Actions would not be amenable to class certification if class certification were sought by Class Plaintiffs and opposed by Convergent.

      **1.9**    The Parties recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the claims through trial, possible appeals and ancillary actions. The Parties also have taken into account the uncertain outcome and the risk of any litigation, especially in multi-party actions such as this proceeding, as well as the difficulties and delays inherent in such litigation. The Parties also are mindful of the potential problems of proof in establishing the claims and defenses asserted in this proceeding and the uncertainty of whether and to what extent Convergent has insurance coverage or other available funding in the event of any success in this litigation.

**1.10**     This Agreement resulted from and is the product of extensive, good faith and arm's length settlement negotiations over many months, including numerous telephonic and in-person negotiations.  The Parties participated in private mediation before Lester J. Levy, Esq. ("Mediator Levy") of Judicial Arbitration and Mediation Services, Inc. ("JAMS") on October 29, 2015, as well as follow-up meetings and negotiations, to reach a resolution in principle on November 30, 2015.  The Parties also participated in numerous telephone calls with the mediator prior to the October 29, 2015 mediation in order to lay the ground work for the mediation.  The Parties submitted detailed mediation submissions to Mediator Levy setting forth their respective views as to the strengths of the case.  Additionally, prior to the mediation the parties engaged in contested motion practice relating to discovery, Convergent produced documents requested by Class Counsel (defined below), produced numerous deponents under Rule 30(b)(6) of the Federal Rules of Civil Procedure to testify to topics relevant to the litigation during this process, and responded to  discovery regarding same including producing call data for Plaintiff's expert to analyze.

**1.11**     Subject to preliminary approval and final approval by the Court as required by Rule 23 of the Federal Rules of Civil Procedure, and subject to the remaining provisions herein, the Parties desire a full, complete and final settlement and resolution of all existing disputes and claims as set forth herein, and to fully, finally and forever resolve, discharge and release all rights and claims of Class Plaintiffs and the Rule 23(b)(3) Class Members, in exchange for Convergent's agreement to pay the total amount of FIVE MILLION, FIVE HUNDRED THOUSAND DOLLARS ($5,500,000), inclusive of Settlement Costs and Settlement Awards as set forth below.

**1.12**     Similarly, subject to preliminary approval and final approval by the Court as required by Rule 23 of the Federal Rules of Civil Procedure, and subject to the remaining provisions herein, the Injunction Class Plaintiff and Rule 23(b)(2) Class Members waive their right to bring a putative class action, in any form whatsoever, including state or federal claims,

against Convergent for purported violations of the TCPA in exchange, specifically, for Convergent's agreement to not move to dismiss any TCPA claim for failing to plead an Automatic Telephone Dialing System ("ATDS") was used and further agreement not to contest in any individual action that it may have used an ATDS.

**1.13** The Parties understand, acknowledge and agree that the execution of this Agreement constitutes the settlement and compromise of disputed claims. This Agreement is inadmissible as evidence except to enforce the terms of the Agreement and is not an admission of wrongdoing or liability on the part of any Party to this Agreement. The Parties desire and intend to effect a full, complete and final settlement and resolution of all existing disputes and claims as set forth herein.

**1.14** **NOW THEREFORE**, subject to Court approval, as hereinafter provided, it is hereby agreed by the Parties that, in consideration of the promises and covenants set forth in this Agreement and upon the entry by the Court of a final order approving the settlement and directing the implementation of the terms and conditions of the settlement as set forth in this Agreement, the MDL Action, including the claims asserted by both Class Plaintiffs and the Injunction Class Plaintiff, individually and on behalf of the Rule 23(b)(3) Class Members and Rule 23(b)(2) Class Members, shall be settled and compromised upon the terms and conditions contained herein.

## 2.   DEFINITIONS

The definitions contained herein shall apply only to this Agreement and the attached Exhibits, and shall not apply to any other agreement, including, without limitation, any other settlement agreement, nor shall they be used as evidence, except with respect to this Agreement, of the meaning of any term. Furthermore, each defined term stated in a singular form shall include the plural form, and each defined term stated in a plural form shall include the singular form. As used in this Agreement, in addition to any definitions elsewhere in this Agreement, the following terms shall have the meanings set forth below:

**2.1** **"Action(s)"** means the *Rutigliano*, *Laursen*, *Bennett*, *Vazquez* and MDL Action.

**2.2** **"Agreement"** means this Class Action Settlement Agreement and Release.

**2.3** **"Approved Claims"** means claims that have been timely submitted by class members to the administrator and approved for payment.

**2.4** **"CAFA Notice"** refers to the notice requirements imposed by 28 U.S.C. § 1715(b).

**2.5** **"Claim Form"** or **"Claim"** means the claim form to be submitted by Rule 23(b)(3) Class Members in order to receive a Settlement Award pursuant to Sections **10** and **11** of this Agreement, subject to approval by the Court, substantially in the form attached hereto as Exhibit 1.

**2.6** **"Claim Period"** means the period of time in which a Rule 23(b)(3) Class Member must submit a Claim Form to be eligible to receive a Settlement Award as part of the Settlement. As set forth in Section **8.1(H)**, the last day of the Claim Period will be sixty (60) days following the Notice Deadline.

**2.7** **"Claims Administrator"** means epiq Systems, subject to approval by the Court. The Claims Administrator shall be responsible for providing the Class Notice as well as services related to administration of the Settlement.

**2.8** **"Class Counsel"** means Keogh Law, Ltd.; Lemberg Law, LLC; Hyde & Swigart; and Lyngklip & Associates Consumer Law Group, PLC.

**2.9** **"Class Notice"** means any type of notice that may be utilized to notify persons in the Rule 23(b)(3) Class of the Settlement, including one or more of the following methods: Mail Notice, Website Notice and any different or additional notice that might be ordered by the Court. A description of the contemplated Class Notice is provided in Section **10.2** of this Agreement.

**2.10** **"Class Period"** means the period from October 26, 2008 through the date of entry of the Preliminary Approval Order (as defined below).

**2.11**   **"Class Representative(s)"** means Plaintiffs Cindy Vazquez, Debbie Bennett, Phillip Bennett, Diana Austin, and Cherie Laursen.

**2.12**   **"Court"** means the United States District Court for the District of Connecticut.

**2.13**   **"*Cy Pres* Distribution"** means monies that may be distributed in connection with the Rule 23(b)(3) Settlement pursuant to Section **12.3** of this Agreement.  *Cy Pres* will only be distributed for uncashed or undeposited checks and only then if a second distribution to those eligible Rule 23(b)(3) Class Members is not feasible pursuant to Section **12.3** of this Agreement.

**2.14**   **"Convergent"** means Defendant Convergent Outsourcing, Inc.

**2.15**   **"Convergent's Counsel"** means Gordon & Rees LLP.

**2.16**   **"Effective Date"** means the fifth (5th) business day after the last of the following dates:

> **(A)**   All Parties, Convergent's Counsel and Class Counsel have executed this Agreement;
>
> **(B)**   The Court has entered, without material change, the Final Approval Order; and
>
> **(C)**   The final disposition of any related appeals, and in the case of no appeal or review being filed, expiration of the applicable appellate period.

**2.17**   **"Escrow Account"** means a non-interest bearing checking account established at a financial institution other than Convergent into which monies shall be deposited as set forth by this Agreement.

**2.18**   **"Final Approval Hearing"** means the hearing during which the Court considers the Parties' request to enter the Final Approval Order granting final approval of the Settlement and to determine the amount of fees, costs and expenses awarded to Class Counsel and the amount of the service award to Class Plaintiffs.

**2.19**   **"Final Approval Order"** means the order and judgment that the Court enters upon finally approving the Settlement, the proposed form of which is attached hereto as Exhibit

2.  "Final Approval" occurs on the date that the Court enters, without material change, the Final Approval Order.

**2.20**    **"Funding Date"** means the date, which is no later than fifteen  (15) business days after the Effective Date, on which Convergent shall cause payment to be made into the Settlement Fund account pursuant to Section **9.1** of this Agreement.

**2.21**    **"Judge"** shall mean any judge of the United States District Court for the District of Connecticut, including the Honorable Alvin V. Thompson.

**2.22**    **"Mail Notice"** means the postcard notice that will be provided pursuant to Section **10.2(A)** of this Agreement to the Rule 23(b)(3) Class Members, subject to approval by the Court, substantially in the form attached hereto as Exhibit 3.

**2.23**    **"Maximum Payment"** means an all-inclusive payment of FIVE MILLION, FIVE HUNDRED THOUSAND DOLLARS ($5,500,000.00) which shall be made by Convergent to resolve this litigation.  As set forth in this Agreement, the "Maximum Payment" shall be used for Settlement Costs, including administration expenses, any cost associated with class notice, including mailing costs, taxes and tax-related expenses incurred by or in connection with the creation of the Settlement Fund, any attorneys' fees and costs awarded to Class Counsel by the Court,  any incentive awards ordered by the Court to be paid to the Class Representatives, and all amounts to be paid to Settlement Class Members under this Agreement.   Under no circumstances shall Convergent or the Released Parties be required to pay any amount in excess of the $5,500,000.00 Maximum Payment in order to resolve the Action.

**2.24**    **"MDL Action"** means and refers to the in the multi-district litigation action entitled *In re Convergent Telephone Consumer Protection Act Litigation*, United States District Court for the District of Connecticut, Case No. 3:13-md-02478-AWT; MDL No. 2478.

**2.25**    **"Notice Deadline"** shall have the meaning set forth in **Section 8.1(D)** of this Agreement.

**2.26** **"Opt-Out and Objection Deadline"** shall have the meaning set forth in Sections **8.1(F)**, and **13.1** of this Agreement.

**2.27** **"Parties"** means Class Plaintiffs, Injunction Class Plaintiff and Convergent.

**2.28** **"Preliminary Approval Order"** means the order that the Court enters upon preliminarily approving the Settlement, the proposed form of which is attached hereto as Exhibit 4. "Preliminary Approval" occurs on the date that the Court enters, without material change, the Preliminary Approval Order.

**2.29** **"Released Claims"** means all claims to be released as set forth in Section **17** of this Agreement.  The "Releases" means all of the releases contained in Section **17** of this Agreement.

**2.30** **"Released Parties"** means and refers to the Defendant Convergent Outsourcing, Inc. and its past, present, and future subsidiaries, parent companies, its predecessors in interest and/or ownership, successors in interest and/or ownership, partners, licensees, assignees, insurers, including claims under any and all insurance policies, estates, and other affiliates and/or related entities, and each of the foregoing's respective past, present, and future officers, directors, attorneys, shareholders, indemnitees, predecessors, successors, trusts, trustees, partners, associates, principals, divisions, employees, insurers, any and all insurance policies, members, agents, representatives, brokers, consultants, heirs, and assigns.

**2.31** **"Releasing Parties"** means the Class Plaintiffs, the Injunction Class Plaintiff, Rule 23(b)(3) Class Members, and Rule 23(b)(2) Class Members, on behalf of themselves and their respective spouses, heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns, any other person or entity claiming through them and, if relevant, any co-signer, co-buyer or co-borrower or guarantors

**2.32** **"Rule 23(b)(3) Class"** means all persons called by Convergent on a cellular telephone who (a) had been reported to Convergent as a wrong number; (b) previously requested Convergent not to call such telephone number; (c) called after providing to Convergent notice of

bankruptcy; (d) called after entry by Convergent of an internal attorney handling code or (e) had been called on a cell number obtained via third party skip tracing, on or after October 26, 2008 through and including the date of entry of the Preliminary Approval Order." Excluded from the Rule 23(b)(3) Class are the Judge to whom the Action is assigned and any member of the Court's staff and immediate family, and all persons who are validly excluded from the Rule 23(b)(3) Class. The parties estimate that there are approximately 503,644 unique cellular telephone numbers in this Rule 23(b)(3) Class.

    **2.33** **"Rule 23(b)(3) Class Member"** means any person in the Rule 23(b)(3) Class who is not properly opted out or is otherwise excluded from the Rule 23(b)(3) Class.

    **2.34** **"Rule 23(b)(2) Class"** means "all persons who were called by Convergent on a cellular telephone, on or after October 26, 2008 through and including the date of entry of the Preliminary Approval Order." Excluded from the Rule 23(b)(2) Class are the Judge to whom the Action is assigned and any member of the Court's staff and immediate family, and all persons who are properly opted out or excluded from either the Rule 23(b)(2) Class or the Rule 23(b)(3) Class.

    **2.35** **"Settlement"** means the settlement into which the Parties have entered to resolve the Action. The terms of the Settlement are set forth in this Agreement and the attached exhibits, which are incorporated by reference herein.

    **2.36** **"Settlement Award"** means a cash payment that may be available to eligible Rule 23(b)(3) Class Members pursuant to Section **11** of this Agreement.

    **2.37** **"Settlement Class"** or **"Settlement Class Members"** means those persons who are members of the Rule 23(b)(3) Class defined in Section **2.32** above, and who do not timely and validly request exclusion from the Settlement Class and those persons who are members of the Rule 23(b)(2) Class defined in Section **2.34** above.

    **2.38** **"Settlement Costs"** means all costs incurred in the litigation by the Class and their attorneys, as well as all costs of claims administration and administering the Settlement, and

such costs shall include: (i) any award of attorneys' fees and costs to Class Counsel approved by the Court; (ii) any incentive award to Class Plaintiffs approved by the Court; (iii) all costs of printing and providing notice to persons in the Rule 23(b)(3) Class (including, but not limited to, costs for Mail Notice and Website Notice and any different or additional notice that might be ordered by the Court); (iv) all costs of administering the Settlement, including, but not limited to, the cost of printing and mailing Settlement Awards and other payments, Claim Forms, the cost of maintaining a designated post office box and/or operating the Settlement Website for receiving Claim Forms; and (v) the fees, expenses and all other costs of the Claims Administrator.

**2.39** **"Settlement Fund"** means the amount of FIVE MILLION, FIVE HUNDRED THOUSAND DOLLARS ($5,500,000) to be paid by Convergent as set forth in this Agreement.

**2.40** **"Settlement Termination Date"** means and refers to the date, if any, that any Party exercises its right to terminate this Agreement under the terms thereof.

**2.41** **"Settlement Website"** means the website established by the Claims Administrator to aid in the administration of the settlement.

**2.42** **"TCPA"** means the Telephone Consumer Protection Act, 47 U.S.C. § 227, and any regulations or rulings promulgated under it.

**2.43** **"Website Notice"** means the website notice provided pursuant to Section **10.2(B)** of this Agreement, substantially in the form attached hereto as Exhibit 5. The Website Notice will be posted on the "Settlement Website."

**2.44** Capitalized terms used in this Agreement but not defined above shall have the meaning ascribed to them in this Agreement, including the attached exhibits.

**3.** **SETTLEMENT PURPOSES ONLY**

**3.1** **General.** This Agreement is made for the sole purpose of settlement of the MDL Action, inclusive of all matters within the MDL (other than those individual actions that choose to opt out), on a settlement class-wide basis, as well as the settlement of all related individual claims made by the Class Plaintiffs and Injunction Class Plaintiff. The settlement of the MDL

Action is expressly conditioned upon the entry of a Preliminary Approval Order and a Final Approval Order by the Court. In the event that the Court does not execute and file the Order of Final Approval, or in the event the Order of Final Approval does not become final for any reason, or is modified in any material respect, or in the event that the Final Effective Date, as defined herein, does not occur, this Agreement shall be deemed null and void *ab initio* and shall be of no force and effect whatsoever, and shall not be referred to or utilized for any purpose whatsoever.

      **3.2**      **Convergent's Position on Conditional Certification of the Rule 23(b)(3) Class and the Rule 23(b)(2) Class.**    Convergent disputes that a class would be manageable or that issues predominate over individual ones, and deny that a litigation class properly could be certified on the claims asserted in the Action. However, solely for purposes of avoiding the expense and inconvenience of further litigation, Convergent does not oppose and hereby agrees to certification of the Rule 23(b)(3) Class and the Rule 23(b)(2) Class defined in Sections **2.32** and **2.34**, *for settlement purposes only*, pursuant to Fed. R. Civ. P. 23(b)(3) and 23(b)(2). Preliminary certification of the Rule 23(b)(3) Class and Rule 23(b)(2) Class for settlement purposes shall not be deemed a concession that certification of a litigation class is appropriate, nor would Convergent be precluded from challenging class certification in further proceedings in the Action or in any other action if the Settlement is not finalized or finally approved. If the Settlement is not finally approved by the Court for any reason whatsoever, the certification of the Rule 23(b)(3) Class and Rule 23(b)(2) Class will be void, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings involving Convergent. No agreements made by or entered into by Convergent in connection with the Settlement may be used by Class Plaintiffs, Injunction Class Plaintiff, any person in the Classes or any other persons to establish any of the elements of class certification in any litigated certification proceedings, whether in the Action, or any other judicial proceeding.

**3.3** **Admissibility.** Additionally, this Agreement, any negotiations or proceedings related hereto, the implementation hereof, and any papers submitted in support of the motions for approval hereof (collectively, the "Settlement Proceedings") shall not be construed as, or deemed to be evidence of, any admission or concession by any of the Parties or any other Person regarding liability, damages, or the appropriateness of class treatment, and shall not be offered or received in evidence in any action or proceeding for any purpose whatsoever; provided, however, that this Agreement and the Settlement Proceedings may be presented to the Court in connection with the implementation or enforcement of this Agreement, or as may be necessary or appropriate to further the purposes sought to be achieved by this Agreement.

**3.4** **Denial of Liability.** By entering into this Agreement, it is understood that the Released Parties, including Convergent, do not admit and, to the contrary, expressly deny that they have breached any duty, obligation, or agreement; that they have engaged in any illegal, tortious, or wrongful activity; that they are liable to Releasing Parties, including Class Plaintiffs, Injunction Class Plaintiff, any person in the Classes or any other persons; and/or, that any damages have been sustained by any Releasing Parties in any way arising out of or relating to the conduct alleged in the MDL Action. Convergent expressly reserves all rights to challenge Releasing Parties' claims on all factual and procedural grounds, including but not limited to the assertion of any and all defenses.

**3.5** **Class Plaintiffs and Injunction Class Plaintiff's Belief in the Merits of the Case.** Class Plaintiffs and Injunction Class Plaintiff believe that the claims asserted in the Action have merit and that the evidence developed to date supports those claims. This Settlement shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Class Plaintiffs or the Injunctive Class Plaintiff that there is any infirmity in the claims asserted by them, or that there is any merit whatsoever to any of the contentions and defenses that Convergent has asserted.

**3.6** **Class Plaintiffs and Injunction Class Plaintiff Recognize the Benefit of Settlement.** The Class Plaintiffs and Injunction Class Plaintiff recognize and acknowledge, however, the expense and amount of time which would be required to continue to pursue Actions against Convergent, as well as the uncertainty, risk and difficulties of proof inherent in prosecuting such claims on behalf of the Rule 23(b)(3) Class and the Rule 23(b)(2) Class. The Rule 23(b)(3) Class and the Rule 23(b)(2) Class have concluded that it is desirable that the Actions and any Released Claims be fully and finally settled and released as set forth in this Agreement. Rule 23(b)(3) Class and Rule 23(b)(2) Class and Class Counsel believe that the agreement set forth in this Agreement confers substantial benefits upon the Rule 23(b)(3) Class and the Rule 23(b)(2) class and that it is in the best interests of the Rule 23(b)(3) Class and the Rule 23(b)(2) Class to settle as described herein.

**4.** **JURISDICTION**

**4.1** The Parties agree that the Court has, and shall continue to have, jurisdiction to make any orders as may be appropriate to effectuate, consummate, and enforce the terms of this Agreement, to approve awards of attorneys' fees and costs pursuant hereto, and to supervise the administration of and the distribution of money funded pursuant to this Agreement.

**5.** **SETTLEMENT TERMS AND BENEFITS TO THE SETTLEMENT CLASS**

**5.1** **Maximum Payment to Rule 23(b)(3) Class.** Convergent shall pay the total sum of FIVE MILLION, FIVE HUNDRED THOUSAND DOLLARS ($5,500,00.00) to settle the Action with the Rule 23(b)(3) Class and obtain a release of all Released Claims in favor of all Released Parties as set forth herein. The Maximum Payment will be used to pay Approved Claims and any Settlement Costs. Rule 23(b)(3) Class Members will be eligible for a cash payment, the amount of which is dependent upon the number of Approved Claims. In no event will Convergent's payment obligations exceed the Settlement Fund.

**5.2     Amount Paid Per Claim.**  The amount paid per Approved Claim shall be divided among the approved claimants on a *pro rata* basis from the amount remaining in the Settlement Fund after deducting the Settlement Costs from the Maximum Payment.

**5.3     Injunction Class.**  In exchange for an agreement by the Rule 23(b)(2) Class to waive their right to bring a putative class action against Convergent for purported violations of the TCPA, Convergent shall agree not to move to dismiss any TCPA claim for failing to plead an ATDS was used and further agrees to admit in any answer to a TCPA claim that it used an ATDS.

6.     **ATTORNEYS' FEES, COSTS AND PAYMENT TO CLASS REPRESENTATIVES**

**6.1     Attorneys' Fees and Costs.**  Class Counsel shall move the Court for an award of attorneys' fees and expenses paid from the Settlement Fund.  The amount of attorneys' fees and costs approved by the Court shall be paid from the Settlement Fund, and from no other source. Within five (5) days of the Funding Date and after receipt of payees completed W-9 forms, the Claims Administrator shall pay to Class Counsel the amount of attorneys' fees, costs and expenses awarded to Class Counsel by the Court, as directed by written instructions from Class Counsel.  Court approval of attorneys' fees and costs, or their amount, will not be a condition of Settlement.  In addition, no interest will accrue on such amounts at any time.

**6.2     Payment to Class Representatives.**  Class Representatives will also ask the Court to award them incentive payments (in addition to any *pro rata* distribution they may receive under Section **5.2**) for the time and effort they have personally invested in this Action. Within five (5) days of the Funding Date and after receipt of payees' completed W-9 forms, the Claims Administrator shall pay to Class Counsel the amount of incentive payments awarded by the Court, and Class Counsel shall disburse such funds.  In addition, no interest will accrue on such amounts at any time.  Any incentive payment shall come from the Settlement Fund and from no other source.

**6.3** **Settlement Independent of Award of Fees and Incentive Payments.** The payment of attorneys' fees, costs and incentive payments set forth in Section **6.1** and **6.2** are subject to and dependent upon the Court's approval as fair, reasonable, adequate and in the best interest of Settlement Class Members. However, this Settlement is not dependent upon the Court's approving Class Plaintiffs' requests for such payments or awarding the particular amounts sought by Class Plaintiffs. In the event the Court declines Class Plaintiffs' requests or awards less than the amounts sought, this Settlement shall continue to be effective and enforceable by the Parties.

7.  **CONDITIONS OF SETTLEMENT**

**7.1** Performance of the obligations set forth in this Agreement is subject to all of the following material conditions:

(A) The delivery to Convergent's Counsel of this Agreement, fully executed by Cindy Vazquez, Debbie Bennett, Phillip Bennett, Diana Austin, and Cherie Laursen, and by Class Counsel.

(B) Execution and filing by the Court of the Preliminary Approval Order.

(C) Mailing of the notices, described in Section **10** below.

(D) The Court conducting a Fairness Hearing.

(E) Execution and filing by the Court of the Final Approval Order.

(F) Execution and entry of Judgment by the Court.

**7.2** The Parties hereby covenant and agree to cooperate reasonably and in good faith for the purpose of achieving occurrence of the conditions set forth above, including, without limitation, timely filing of all motions, papers and evidence necessary to do so, and refraining from causing or encouraging directly or indirectly any appeal or petition for writ proceedings by third parties seeking review of any Order contemplated by this Agreement. Class Counsel represent and warrant that they have authority to take all such actions required of them pursuant

to this Agreement, and that by doing so they are not in breach or violation of any agreement with any Plaintiff or any third party.

## 8.   PRELIMINARY APPROVAL OF THE SETTLEMENT

**8.1   Preliminary Approval Motion.**   As soon as practical after the execution of this Agreement, the Parties shall move the Court for entry of the Preliminary Approval Order in substantially the same form attached as Exhibit 4.   Pursuant to the motion for preliminary approval, the Parties will request that:

**(A)**   The Court conditionally certify the Rule 23(b)(3) Class and the Rule 23(b)(2) Class for settlement purposes only and appoint Class Counsel for the Classes;

**(B)**   The Court preliminarily approve this Agreement and the Settlement reflected herein as fair, adequate and reasonable to the Rule 23(b)(3) Class and Rule 23(b)(2) Class, and within the reasonable range of possible final approval;

**(C)**   The Court approve the form of Class Notice and find that the notice program constitutes the best notice practicable under the circumstances, provides due and sufficient notice to the Rule 23(b)(3) Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23;

**(D)**   The Court direct that notice be provided to the Rule 23(b)(3) Class, in accordance with this Agreement, within forty-five (45) days following entry of the Preliminary Approval Order (the "Notice Deadline") and that no notice is required for the Rule 23(b)(2) Class;

**(E)**   The Court shall establish a procedure for any class members to object to the Settlement or exclude themselves from either class;

(F)     The Court shall set a deadline sixty (60) days after the Notice Deadline, after which no one shall be allowed to object to the Settlement or exclude himself or herself or seek to intervene (the "Opt-Out and Objection Deadline");

(G)     The Court shall approve the Claim Form and the claims process described herein for the Rule 23(b)(3) Class;

(H)     The Court shall set the Claim Period for the submission of Claims to end sixty (60) days after the Notice Deadline;

(I)     The Court shall, pending determination of whether the Settlement should be finally approved, bar and enjoin all persons in the Rule 23(b)(3) Class, directly, on a representative basis or in any other capacity, from commencing or prosecuting against any of the Released Parties any action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims unless they timely opt-out;

(J)     The Court shall, pending final determination of whether the Settlement should be approved, stay all proceedings except those related to effectuating the Settlement; and

(K)     The Court shall schedule a hearing to consider Final Approval of the Settlement, which shall be scheduled no earlier than sixty (60) days after the Opt-Out and Objection Deadline.

**8.2     Stay/Bar of Proceedings**.  All proceedings in the Action will be stayed following entry of the Preliminary Approval Order, except as may be necessary to implement the Settlement or comply with the terms of the Settlement.  Pending determination of whether the Settlement should be granted Final Approval, the Parties agree not to pursue any claims or defenses otherwise available to them in the Action, and no person in the Rule 23(b)(3) Class or Rule 23(b)(2) Class or person acting or purporting to act directly or derivatively on behalf of a

person may commence or prosecute against any of the Released Parties any action or proceeding asserting any of the Released Claims.   The Preliminary Approval Order will contain an injunction enjoining commencing or prosecuting the Released Claims by any person unless and until after such person is validly excluded from the Rule 23(b)(3) Class or is not a class member.

## 9.   SETTLEMENT CONSIDERATION

**9.1   The Settlement Fund.**   As full and complete consideration for the Settlement as to the Rule 23(b)(3) Class, Convergent will pay the total Settlement Fund of FIVE MILLION, FIVE HUNDRED THOUSAND DOLLARS ($5,500,000) to fully and completely settle all claims of Class Plaintiffs and the Rule 23(b)(3) Class Members.   The Settlement Fund shall be used to make all payments pursuant to the Settlement including, without limitation, all Settlement Awards to claiming Rule 23(b)(3) Class Members and the Settlement Costs. Convergent shall deposit money into the Escrow Account as follows:   (a) Convergent shall advance the amounts necessary to pay for the Notice Program and settlement administration, which advances shall be credited against the Settlement Fund; and (b) Convergent shall pay the balance of the Settlement Fund into the Escrow Account within five (5) business days following the Effective Date.   Convergent shall not, under any circumstances, be obligated to pay any amounts in addition to the Settlement Fund in connection with the Settlement.

**9.2   Injunction Class Relief.**   In exchange for an agreement by the Rule 23(b)(2) Class to waive their right to bring a putative class action against Convergent for purported violations of the TCPA, Convergent agrees not move to dismiss any TCPA claim for failing to plead an ATDS was used  and further agrees that in any answer to a lawsuit, it will admit that it used an ATDS. In the event that the Settlement is not approved, or it is terminated, canceled or fails to become effective for any reason, Convergent shall have the right to assert all rights, defenses and remedies in any Action.

10.     **ADMINISTRATION AND NOTIFICATION PROCESS**

        **10.1    Claims Administrator.**    The Claims Administrator shall administer the Settlement.  Convergent will reasonably cooperate in the notice and administration process by providing the Claims Administrator, on a confidential basis, with access to the names, cellular telephone numbers and mailing or e-mail addresses for persons in the Rule 23(b)(3) Class for whom they have such information (the "Class List").     Convergent will work with Class Plaintiffs' expert to provide the Class List to the Claims Administrator within thirty (30) days following Preliminary Approval.

        **10.2    Rule 23(b)(3) Class Notice Program For the Rule 23(b)(3) Class.**  The Claims Administrator shall, by the Notice Deadline, provide:

        **(A)**    **Mail Notice.**  The Claims Administrator will provide individual notice via postcard to the most recent mailing address from the Class List, which shall contain a claim ID.  For persons whose account notes an identified wrong number, those numbers will be subject to a reverse lookup to obtain name and contact information, which will be a Settlement Cost.  The Claims Administrator shall perform skip tracing for all returned direct mail; all costs of skip tracing will be considered Settlement Costs and paid from the Settlement Fund.  The Mail Notice shall direct recipients to the Settlement Website.

        **(B)**    **Website Notice.**  The Claims Administrator will establish and maintain the Settlement Website dedicated to the Settlement, on which will be posted the Website Notice, Claim Form, a copy of this Agreement, the Preliminary Approval Order, the operative Complaint, and any other materials the Parties agree to include.  These documents shall be available on the Settlement Website beginning five (5) days following the entry of the Preliminary Approval Order and remain until the Effective Date.  The

Settlement Website shall also provide for online submission of Claim Forms and will also allow persons in the Rule 23(b)(3) Class to update their contact information. The Claims Administrator shall secure a URL for the Settlement Website proposed by Class Counsel and approved by Convergent.

**(C)** **800 Number/IVR/Telephone Claims.** The Claims Administrator will establish and maintain an 800 number that will answer questions concerning this Agreement and allow class members to request a written claim form or use their Claim ID to make a claim via telephone.

**(D).** **CAFA Notice.** Convergent shall be responsible for serving the CAFA notice required by 28 U.S.C. § 1715 to the Attorney General of the United States and the appropriate state officials within ten (10) days of the filing of the Preliminary Approval Motion.

## 11.   SETTLEMENT AWARDS

**11.1**   **Awards to Rule 23b(3) Class Members.** All Rule 23(b)(3) Class Members will be entitled to make a Claim upon the Settlement Fund for a Settlement Award, which shall be paid by check, as set forth below. Each Rule 23(b)(3) Class Member may make only one Claim, regardless of the number of calls the Rule 23(b)(3) Class Member received, the number of accounts held or obligations owed at any time, or how many cellular telephone numbers Convergent called using an automatic telephone dialing system and/or an artificial or prerecorded voice in connection with efforts to contact the Rule 23(b)(3) Class Member. Each Rule 23(b)(3) Class Member who submits a valid and timely Claim Form shall be awarded a *pro rata* share of the Settlement Fund after Settlement Costs are deducted.

**11.2**   **Conditions For Claiming Settlement Awards.** Settlement Awards shall be available to Rule 23(b)(3) Class Members on a claims-made basis. To obtain a Settlement Award, the Rule 23(b)(3) Class Member must submit a valid and timely Claim Form, which

shall include: (i) the Rule 23(b)(3) Class Member's full name, mailing address, e-mail address (if he or she has one); (ii) to the Class Member's best ability, the cellular telephone number at which Convergent allegedly contacted the Rule 23(b)(3) Class Member; (ii) for mailed Claim Forms, the Rule 23(b)(3) Class Member's signature; (iii) for Claim Forms submitted via the Settlement Website, the Rule 23(b)(3) Class Member's electronic signature; and (iv) an affirmation that all information contained in the Claim Form is true and accurate; (v) for Claim Forms submitted via the 800 number (vi) an affirmation by pressing 1 that all information recited after the Claim Id is entered is true and accurate.  Claim Forms shall be submitted by mail to the Claims Administrator, via 800 number, or via the Settlement Website.  Convergent shall have the right to research and review the submitted Claim Forms and to direct the Claims Administrator to deny Claims if Convergent has a good faith belief that such Claims are fraudulent. Convergent shall confer with Class Counsel before instructing the Claims Administrator to deny Claims under this provision.  Class Counsel shall be able to dispute any denial and if the Parties cannot resolve such dispute, they will mediate the denial before Mediator Lester J. Levy, Esq. of JAMS.  In order to be deemed timely, Claim Forms must be submitted via the Settlement Website, 800 number, or postmarked prior to or on the last day of the Claim Period.  There will be no obligation to honor any Claim Forms submitted or postmarked after the end of the Claim Period, even if such Claim Form otherwise would be valid.

    **11.3**    **Award Estimates**. Class Counsel shall include in the Class Notices a good faith estimated range for Settlement Awards.

## 12.    DISTRIBUTION OF SETTLEMENT AWARDS

    **12.1**    **Settlement Award Payments.** Settlement Awards shall be paid by check.  The Claims Administrator shall send by first-class mail a check to each eligible Rule 23(b)(3) Class Member who timely submits a completed Claim Form within forty-five (45) days after the Effective Date.  The Claims Administrator will perform skip tracing and re-mailing, as necessary; all costs of such work will be considered Settlement Costs.  Checks will be valid for

one-hundred twenty (120) days from the date on the check. The amounts of any checks that are returned as undeliverable or that remain uncashed more than one-hundred twenty (120) days after the date on the check will be included as part of the Second Distribution (as defined below).

**12.2 Second Distribution.** If, after the expiration date of the checks distributed pursuant to Section **12.1** above, there remains money in the Settlement Fund sufficient to pay at least ten dollars ($10.00) to each Rule 23(b)(3) Class Member who cashed his or her initial Settlement Award check, such remaining monies will be distributed on a *pro rata* basis to those Rule 23(b)(3) Class Members (the "Second Distribution"). The Second Distribution shall be made within ninety (90) days after the expiration date of the checks distributed pursuant to Section **12.1** above, and shall be paid in the same manner as the original Settlement Award. Checks issued pursuant to the Second Distribution will be valid for one-hundred twenty (120) days from the date on the check.

**12.3 Remaining Funds.** Money in the Settlement Fund that has not been distributed following the expiration of checks issued pursuant to the Second Distribution as set forth in Section **12.2** above, including money not distributed because there is not enough money in the Settlement Fund to justify a Second Distribution (the "Remaining Funds"), shall be paid as *cy pres* to a recipient agreed to by the Parties and approved by the Court. To the extent the parties cannot agree, the Settlement Website shall post both parties nominations prior to the Notice Date. No money remaining in the Settlement Fund shall revert to or otherwise be paid to Convergent.

## 13.   OPT-OUTS AND OBJECTIONS

**13.1 Opt-Out Requirements.** Persons in the either Rule 23b(3) Class may request exclusion from the Settlement by sending a written request to the Claims Administrator at the address designated in the Class Notice no later than the Opt-Out and Objection Deadline. Exclusion requests must: (i) be signed by the person in the Rule 23b(3) Class who is requesting exclusion; (ii) include the full name and address of the person in the Rule 23b(3) Class

requesting exclusion; and (iii) include the following statement: "I/we request to be excluded from the settlement in the Convergent TCPA action." No request for exclusion will be valid unless all of the information described above is included. No person in the Rule 23(b)(3) Class, or any person acting on behalf of or in concert or participation with that person in the Rule 23(b)(3) Class, may exclude any other person in the Rule 23(b)(3) Class from the Rule 23(b)(3) Class.

 **13.2**   **Retention of Exclusions.** The Claims Administrator will retain a copy of all requests for exclusion and will, upon written request, provide copies of any such requests to counsel for the Parties. Class Counsel will keep any such opt-out information confidential and use it only for purposes of determining whether a person in the Rule 23(b)(3) Class has properly opted out.

 **13.3**   **Right To Object.** Any Rule 23(b)(3) Class Member may appear at the Final Approval Hearing to object to the proposed Settlement and/or to the application of Class Counsel for an award of attorneys' fees and costs and/or the incentive awards, but only if the Rule 23(b)(3) Class Member has first filed a written objection with the Clerk of Court, in accordance with the requirements set forth below, by the Opt-Out and Objection Deadline. Any Rule 23(b)(3) Class Member who does not provide a written objection in the manner described in this Section shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the award of any attorneys' fees and costs and/or incentive awards. Further, any Rule 23(b)(3) Class Member who intends to appear at the Final Approval Hearing must file and serve on all parties a Notice of Intention to Appear with the Court.

 **13.4**   **Objection Requirements.** To be heard at the Final Approval Hearing, the Rule 23(b)(3) Class Member must make any objection in writing and file it with the Court by the Opt-Out and Objection Deadline. The objection must also be mailed to each of the following, postmarked not later than the last day to file the objection: (i) Class Counsel – Keogh Law, Ltd.,

55 W. Monroe, Ste. 3390, Chicago, Illinois 60603; and (ii) Convergent's Counsel – Craig J. Mariam, Gordon & Rees LLP, 633 West Fifth Street, 52nd Floor, Los Angeles, CA 90071. An objection must:

> (A)  Attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Rule 23(b)(3) Class Member, including providing the Claim ID, full name, address, the cellular telephone number called, and whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel;

> (B)  Include a statement of such Rule 23(b)(3) Class Member's specific objections; and

> (C)  State the grounds for objection and attach any documents supporting the objection.

13.5    Any Settlement Class Member who objects may appear at the Fairness Hearing, either in person or through an attorney hired at the Settlement Class Member's own expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the Settlement. A Settlement Class Member or his or her attorney intending to make an appearance at the Fairness Hearing must: (i) file a notice of appearance with the Court no later than twenty (20) days prior to the Fairness Hearing, or as the Court may otherwise direct; and (ii) serve a copy of such notice of appearance on all counsel for all Parties. Any Settlement Class Member who fails to comply with the provisions of this Section 13.5 shall waive and forfeit any and all rights to appear separately and/or to object, and shall be bound by all the terms of this Settlement, and by all proceedings, orders, and judgments in the litigation.

## 14.    FINAL APPROVAL AND JUDGMENT ORDER

14.1    **Final Approval.**  Following completion of the Class Notice process and within sixty (60) days following expiration of the Opt-Out and Objection Period, the Parties shall

request that the Court enter the Final Approval Order in substantially the same form attached as Exhibit 2, which shall specifically include provisions that:

**(A)**   Finally approve the Settlement as fair, reasonable and adequate to both classes;

**(B)**   Find that the Class Notice as given was the best notice practicable under the circumstances, is due and sufficient notice to the Rule 23(b)(3) Class, and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23 and that no such notice is required for the Rule 23(b)(2) Class;

**(C)**   Find that the Settlement Class Members have been adequately represented by the Class Representatives and Class Counsel;

**(D)**   Approve the plan of distribution for the Settlement Fund and any interest accrued thereon;

**(E)**   Certify both the Rule 23(b)(3) Class and the Rule 23(b)(2) Class;

**(F)**   Confirm that Class Plaintiffs, Injunction Class Plaintiff, Rule 23(b)(2) Class Members, and the Rule 23(b)(3) Class Members have released all Released Claims that are contemplated under this Agreement and are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims that are contemplated under this Agreement against the Released Parties;

**(G)**   Enter an injunction barring any Rule 23(b)(2) Class Member from bringing a putative class action against Convergent for purported violations of the TCPA and requiring Convergent not move to dismiss any TCPA claim for failing to plead an ATDS and in any answer admit that it used an ATDS;

    **(H)**    Dismiss on the merits and with prejudice all claims of the Settlement Class Members asserted against Convergent, as well as the Action, without costs to any party, except as provided in this Agreement; and

    **(I)**    Retain jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Settlement.

## 15.   FINAL JUDGMENT

    **15.1**    The Judgment entered at the Final Approval Hearing shall be deemed final:

    **(A)**    Thirty (30) days after entry of the Final Judgment approving the Settlement if no document is filed within the time seeking appeal, review or rehearing of the judgment; or

    **(B)**    If any such document is filed, then five (5) days after the date upon which all appellate and/or other proceedings resulting from such document have been finally terminated in such a manner as to permit the judgment to take effect in substantially the form described in Section **14.**

## 16.   DISMISSAL, NO ADMISSIONS AND PUBLICITY LIMITATIONS

    **16.1**    **Dismissal.**  Upon entry of the Final Approval Order, the Action shall be dismissed with prejudice as to Class Plaintiffs, Rule 23(b)(3) Class Members, Rule 23(b)(2) Class Members, and the Injunction Class Plaintiff.

    **16.2**    **No Admission of Liability.**  Convergent expressly disclaims and denies any wrongdoing or liability whatsoever, and Convergent expressly denies all liability and wrongdoing of any kind associated with the alleged claims in the operative complaints. Convergent has denied and continues to deny each and every material factual allegation and all claims asserted against it in the Actions. This Settlement, and any and all negotiations, statements, documents, and/or proceedings in connection with this Settlement, shall not be construed or deemed to be evidence of an admission or concession by the Released Parties of any

liability or wrongdoing and shall not be construed or deemed to be evidence of an admission or concession that any person suffered compensable harm or is entitled to any relief. Nothing herein shall constitute an admission by the Released Parties that the Actions are properly brought on a class or representative basis, or that classes may be certified in those actions, other than for settlement purposes. Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing by or liability of the Released Parties except as to a Rule 23(b)(2) Class Member's right to enforce the injunction; (ii) is or may be deemed to be or may be used in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal as an admission or evidence of any fault or omission of the Released Parties except as to a Rule 23(b)(2) Class Member's right to enforce the injunction; (iii) is or may be deemed a waiver of Convergent's right to challenge class certification if this Settlement for any reason does not become final; (iv) is or may be deemed to be a waiver of Convergent's right to seek to enforce any arbitration provision in other cases or against persons in the Rule 23(b)(3) Class; or (v) is or may be deemed or used as an admission of the appropriateness of these or similar claims for class certification.

**16.3   No Admission Under Federal Rule of Evidence 408.**   Pursuant to Federal Rule of Evidence 408 and any similar provisions under the laws of other states, neither this Agreement nor any related documents filed or created in connection with this Agreement shall be admissible in evidence in any proceeding, except as may be necessary to approve, interpret or enforce this Agreement.

**16.4   No Publicity Beyond Notice Procedures.**   Class Counsel and/or Class Plaintiffs and Injunction Class Plaintiff will not make statements of any kind to any third party regarding the Settlement prior to filing a motion for Preliminary Approval with the Court, with the exception of the Claims Administrator. The Parties may make public statements to the Court as necessary to obtain Preliminary or Final Approval of the Settlement and Class Counsel will not

be prohibited from communicating with any person in the Rule 23(b)(3) Class or the Rule 23(b)(2) Class regarding the Action or the Settlement.

## 17. RELEASE OF CLAIMS

**17.1**    As of the Effective Date, Class Plaintiffs, Diana Austin and the Rule 23b(3) Class Members provide the following releases:

**17.2**    Class Plaintiffs and each and all Rule 23(b)(3) Class Members, on behalf of themselves and their respective spouses, heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns, and other person claiming through any of them, will be deemed to have fully released and forever discharged Convergent and each and all of its and their present, former and future direct and indirect parent companies, affiliates, subsidiaries, agents, successors, predecessors in interest, insurers, and all of the respective officers, directors, employees, attorneys, shareholders, agents, representatives, and assigns of the aforementioned (together, the "Released Parties") from any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order, that arise out of or relate in any way to the Released Parties' use of an "automatic telephone dialing system" or ATDS or an "artificial or prerecorded voice" to contact or attempt to contact Settlement Class Members in connection with consumer debts or accounts, to the fullest extent that those terms are used, defined or interpreted by the TCPA, relevant regulatory or administrative promulgations and case law, including, but not limited to, claims under or for a violation of the TCPA and any other statutory or common

law claim arising from the use of an ATDS and/or artificial or prerecorded voice to call telephones or pagers (collectively, the "Released Claims").

**17.3   Waiver of Unknown Claims.**   Without limiting the foregoing, the Released Claims specifically extend to claims that Rule 23(b)(3) Class Members do not know or suspect to exist in their favor at the time that the Settlement, and the Releases contained therein, become effective. This Section constitutes a waiver of, without limitation as to any other applicable law, including Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

**17.4**   Class Plaintiffs and the Rule 23b(3) Class Members understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and any other applicable federal or state statute, case law, rule or regulation relating to limitations on releases.   In connection with such waivers and relinquishment, Class Plaintiffs and the Rule 23(b)(3) Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the releases of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

**17.5**   As of the Effective Date, Diana Austin, the Injunction Class Plaintiff, and the Rule 23(b)(2) Class Members shall be bound by the following:

Diana Austin, the Injunction Class Plaintiff, and the Rule 23(b)(2) Class Members, on behalf of themselves and their respective spouses, heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns, and

other person claiming through any of them, will be deemed to have fully released any right to file, prosecute or participate in a putative or certified class action lawsuit against Convergent and each and all of its and their present, former and future direct and indirect parent companies, affiliates, subsidiaries, agents, successors, and all of the respective officers, directors, employees, attorneys, shareholders, agents, representatives, and assigns of the aforementioned arising under or for a violation of the TCPA and any other statutory or common law claim arising from the use of an ATDS and/or artificial or prerecorded voice to call telephones or pagers.

     **17.6**   **Covenant Not to Sue.**  Class Plaintiffs and Rule 23(b)(3) Class Members agree and covenant, and each Settlement Class member will be deemed to have agreed and covenanted, not to sue any Released Party with respect to any of the Released Claims, or otherwise assist others in doing so, and agree to be forever barred from doing so, in any court of law, equity, or any other forum.

**18.**    **TERMINATION OF AGREEMENT**

     **18.1**   **Either Side May Terminate the Agreement.**  Class Plaintiffs and Convergent shall each have the right to unilaterally terminate this Agreement by providing written notice of his, her, their or its election to do so ("Termination Notice") to all other Parties within ten (10) calendar days of any of the following occurrences:

         **(A)**   The Court rejects, materially modifies, materially amends or changes, or declines to preliminarily or finally approve the Agreement;

         **(B)**   An appellate court reverses the Final Approval Order, and the Agreement is not reinstated without material change by the Court on remand;

         **(C)**

         **(D)**   The Effective Date does not occur; or

         **(E)**   Any other ground for termination.

     **18.2**   **Termination of Large Number of Opt-Outs.**  All Rule 23(b)(3) Class Members will be bound by all determinations and judgments in the Action.  In the event that the number of

persons in the Rule 23(b)(3) Class who validly and timely submit opt-out requests exceeds five percent (5%) of the class, Convergent, in its sole and absolute discretion, may terminate this Agreement.

**18.3   Settlement Fund Return to Convergent.**  In the event that the Settlement is not approved, or is terminated, canceled or fails to become effective for any reason including, but not limited to, Section **18.1** herein, the money remaining in the Settlement Fund (including accrued interest), less expenses and taxes incurred or due and owing and payable from the Settlement Fund in accordance with this Agreement, shall be returned to Convergent within fifteen (15) days of the event that causes the Agreement to not become effective.

**18.4   Revert to Status Quo.**  If either Class Plaintiffs or Convergent terminate this Agreement as provided herein, the Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if this Agreement had never been executed, and any orders entered by the Court in connection with this Agreement shall be vacated.  However, any payments made to the Claims Administrator for services rendered to the date of termination shall not be refunded by Convergent.

## 19.   NON-WAIVER OF DEBTS/OBLIGATIONS OWING BY CLASS MEMBERS

**19.1**   The Parties understand and agree that this Agreement and any terms herein shall not affect in any regard any debt or obligation owed, if any, by any Class Plaintiffs, Rule 23(b)(3) Plaintiff or Rule 23(b)(2) Plaintiff, to Convergent and/or their clients, principals, and their related or affiliated entities.  This Agreement does not operate to waive, extinguish, terminate, reduce or affect any debt or obligation owed by Class Plaintiffs, Rule 23(b)(3) Class Members, or Rule 23(b)(2) Class Members, and shall not impair or limit any right or cause of action or right to enforce or otherwise collect any underlying debt or amount owed to Convergent and its clients, principals and its related or affiliated entities.  The Settlement and any and all payments to class members that may arise from the settlement shall in no way re-

trigger/re-activate the statute of limitations for any alleged debts that class members may owe to Convergent and/or its clients, principals, and their related or affiliated entities.

20.   **TAXES**

**20.1   Qualified Settlement Fund.**   The Parties agree that the Escrow Account into which the Settlement Fund is deposited is intended to be and shall at all times constitute a "Qualified Settlement Fund" within the meaning of Treasury Regulation § 1.468B-1. The Claims Administrator shall timely make such elections as necessary or advisable to carry out the provisions of Section **10**, including if necessary, the "relation back election" (as defined in Treas. Reg. § 1.468B-1(j)(2)) back to the earliest permitted date.   Such elections shall be made in compliance with the procedures and requirements contained in such Treasury regulations promulgated under § 1.468B of the Internal Revenue Code of 1986, as amended (the "Code").  It shall be the responsibility of the Claims Administrator to cause the timely and proper preparation and delivery of the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

**20.2   Claims Administrator is "Administrator."**   For the purpose of § 1.468B of the Code and the Treasury regulations thereunder, the Claims Administrator shall be designated as the "administrator" of the Settlement Fund.  The Claims Administrator shall cause to be timely and properly filed all information and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. § 1.468B2(k)).  Such returns shall reflect that all taxes (including any estimated taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

**20.3   Taxes Paid By Administrator.**   All taxes arising in connection with income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon Convergent or any of the other Released Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a

"qualified settlement fund" for federal or state income tax purposes shall be paid by the Claims Administrator from the Settlement Fund.

**20.4    Expenses Paid from Fund.**  Any expenses reasonably incurred by the Claims Administrator in carrying out the duties described in Section **10**, including fees of tax attorneys and/or accountants, shall be paid by the Claims Administrator from the Settlement Fund.

**20.5    Responsibility for Taxes on Distribution.**  Any person or entity that receives a distribution from the Settlement Fund shall be solely responsible for any taxes or tax-related expenses owed or incurred by that person or entity by reason of that distribution.  Such taxes and tax-related expenses shall not be paid from the Settlement Fund.

**20.6    Convergent Is Not Responsible.**  In no event shall Convergent or any of the other Released Parties have any responsibility or liability for taxes or tax-related expenses arising in connection with the payment or distribution of the Settlement Fund to Class Plaintiffs, Rule 23(b)(3) Class Members, Class Counsel or any other person or entity, and the Settlement Class shall indemnify and hold Convergent and the other Released Parties harmless from all such taxes and tax-related expenses (including, without limitation, taxes and tax-related expenses payable by reason of any such indemnification).

## 21.    <u>MISCELLANEOUS</u>

**21.2**    This Agreement shall be governed by the laws of the State of Connecticut.

**21.3    Evidentiary Preclusion.**  In order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, the Released Parties may file the Agreement and/or the judgment in any action or proceeding that may be brought against them.

**21.4    No Construction Against Drafter.**  This Agreement was drafted jointly by the Parties and in construing and interpreting this Agreement, no provision of the Agreement shall

be construed or interpreted against any Party based upon the contention that this Agreement or a portion of it was purportedly drafted or prepared by that Party.

**21.5   Entire Agreement.**   This Agreement and exhibits hereto constitute the entire agreement between the Parties and supersedes all prior understandings, agreements, or writings regarding the subject matter of this Agreement. No representations, warranties or inducements have been made to any of the Parties, other than those representations, warranties, and covenants contained in this Agreement. This Agreement may be amended or modified only by a written instrument signed by all Parties or their successors in interest or their duly authorized representatives and approved by the Court. The provisions of the Agreement may be waived only in a writing executed by the waiving party. The waiver by one party of any breach of this Agreement by any other party shall not be deemed a waiver, by that party or by any other party, of any other prior or subsequent breach of this Agreement.

**21.6   Authority.**   Each person executing this Agreement on behalf of any of the Parties hereto represents that such person has the authority to execute this Agreement.

**21.7   No Assignment.**   No party to this Agreement has heretofore assigned, transferred, or granted, or purported to assign, transfer, or grant, any of the claims, demands, or cause or causes of action disposed of by this Agreement.

**21.8   Receipt of Advice of Counsel.**   Each Party acknowledges, agrees and specifically warrants that he, she or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases. Each Party to this Agreement warrants that he, she, or it is acting upon his, her or its independent judgment and upon the advice of his, her, or its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other party, other than the warranties and representations expressly made in this Agreement.

**21.9    Agreement Binding on Successors in Interest.**  This Agreement is binding on and shall inure to the benefit of the respective heirs, successors and assigns of the Parties.

**21.10  Execution in Counterparts.**  The Parties may execute this Agreement in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**21.11  Notices.**  Unless stated otherwise herein, any notice required or provided   for under this Agreement shall be in writing and may be sent by electronic mail, fax, regular mail or FedEx, postage prepaid, as follows:

As to Class Plaintiffs, Rule 23b(3) Class,          As to Convergent:
Rule 23(b)(2) Class, and Injunction Class
Plaintiff:                                          Craig J. Mariam
                                                    Gordon & Rees LLP
Keith J. Keogh                                      633 West Fifth Street, 52nd Floor
Keogh Law, LTD.                                     Los Angeles, CA 90071
55 W. Monroe St., Ste. 3390
Chicago, IL 60603

**21.12  Future Changes in Laws or Regulations.**  To the extent Congress, the Federal Communications Commission or any other relevant regulatory authority promulgates materially different requirements under the TCPA, those laws and regulatory provisions shall control so long as the conduct at issue occurred post-Effective Date.**21.13    Time Periods.**   The time periods and dates described herein are subject to Court approval and may be modified upon order of the Court or written stipulation of the Parties.

_(signature)_

Cindy Vazquez

_____

Debbie Bennett

_____

Phillip Bennett

_____

Cherie Laursen

_____

Diana Austin

**INJUNCTION CLASS PLAINTIFF:**                     Dated: _____, 2016

_____

Diana Austin

**CONVERGENT OUTSOURCING, INC:**                     Dated: _____, 2016

By: _____

Its: _____

**APPROVED AS TO FORM AND
CONTENT:**

**CLASS COUNSEL**

Keogh Law, Ltd.                                           Dated: _____, 2016

**21. 5 Resolution of Disputes.**  The Parties shall cooperate in good faith in the administration of this Settlement.  Any unresolved dispute regarding the administration of this Agreement shall be decided by the Court, or by Mediator Levy or a mediator upon agreement of the Parties **IN WITNESS WHEREOF,** the Parties hereto have caused this Agreement to be executed as follows:

**CLASS PLAINTIFFS:**                                                    Dated: _3/10_ , 2016

_____
Cindy Vaz quez

_____
Debbie Bennett

_____
Phillip Bennett

_____
Cherie Larsen

_____
Diana Austin

**INJUNCTION CLASS PLAINTIFF:**                              Dated: _____, 2016

_____
Diana Austin

**21.15  Resolution of Disputes.**  The Parties shall cooperate in good faith in the administration of this Settlement.  Any unresolved dispute regarding the administration of this Agreement shall be decided by the Court, or by Mediator Levy or a mediator upon agreement of the Parties. **IN WITNESS WHEREOF,** the Parties hereto have caused this Agreement to be executed as follows:

**CLASS PLAINTIFFS:**                                              Dated: 2/29 , 2016

_____

Cindy Vazquez


_____

Debbie Bennett


_____

Phillip Bennett

_____

Cherie Laursen


_____

Diana Austin



**INJUNCTION CLASS PLAINTIFF:**                          Dated: _____, 2016


_____

Diana Austin

Cindy Vazquez

Debbie Bennett

Phillip Bennett

Cherie Laursen

Diana Austin

**INJUNCTION CLASS PLAINTIFF:**                    Dated: 08/02, 2016

Diana Austin

**CONVERGENT OUTSOURCING, INC:**                    Dated: _____, 2016

By: _____

Its: _____

**APPROVED AS TO FORM AND
CONTENT:**

**CLASS COUNSEL**

Keogh Law, Ltd.                    Dated: _____, 2016

*Class Action Settlement Agreement and Release*
*In re Convergent Telephone Consumer Protection Act Litigation*
United States District Court for the District of Connecticut, Case No. 3:13-md-02478-AWT; MDL No. 2478
Page 37 of 43

**CONVERGENT OUTSOURCING, INC:**          Dated: ___March 19, 2016

By:  _Jim Colin_____

Its:  General Counsel_____


**APPROVED AS TO FORM AND
CONTENT:**

**CLASS COUNSEL**

Keogh Law, Ltd.                                          Dated: _____, 2016

By:  Keith J. Keogh_____

                                                               Dated: _____, 2016

Lemberg Law LLC

By:  Sergei Lemberg_____


Hyde & Swigart                                          Dated: _____, 2016

By:  David J. McGlothlin_____


Lyngklip & Associates Consumer Law Group,          Dated: _____, 2016
PLC

By:  Ian B. Lyngklip_____

By: _____
Keith J. Keogh

Dated: ___March 15___, 2016

Lemberg Law LLC

By: _____
Sergei Lemberg

Hyde & Swigart                                             Dated: _____, 2016

By: _____
David J. McGlothlin

Lyngklip & Associates Consumer Law Group,       Dated: _____, 2016
PLC

By: _____
Ian B. Lyngklip

**CONVERGENT'S COUNSEL**

Gordon & Rees LLP                                          Dated: _____, 2016

By: _____
Craig J. Mariam

By:   Keith J. Keogh

Dated: _____, 2016

Lemberg Law LLC

By:   Sergei Lemberg

Dated March 3, 2016

Hyde & Swigart

Dated: _____, 2016

By:   David J. McGlothlin

Lyngklip & Associates Consumer Law Group,
PLC

Dated: _____, 2016

By:   Ian B. Lyngklip

**CONVERGENT'S COUNSEL**

Gordon & Rees LLP

Dated: _____, 2016

By:   Craig J. Mariam

**CONVERGENT OUTSOURCING, INC:**                    Dated: _____, 2016

By:   _____

Its:  _____

**APPROVED AS TO FORM AND
CONTENT:**

**CLASS COUNSEL**

Keogh Law, Ltd.                                     Dated: _____, 2016

By:   Keith J. Keogh

                                                    Dated: _____, 2016

Lemberg Law LLC

By:   Sergei Lemberg

Hyde & Swigart                                      Dated: 2/29, 2016

By:   David J. McGlothlin

Lyngklip & Associates Consumer Law Group,           Dated: _____, 2016
PLC

By:   Ian B. Lyngklip

CONVERGENT OUTSOURCING, INC:                          Dated: _____, 2016

By: _____

Its: _____

**APPROVED AS TO FORM AND
CONTENT:**

**CLASS COUNSEL**

Keogh Law, Ltd.                                       Dated: _____, 2016

By:   Keith J. Keogh

                                                      Dated: _____, 2016

Lemberg Law LLC

By:   Sergei Lemberg

Hyde & Swigart                                        Dated: _____, 2016

By:   David J. McGlothlin

Lyngklip & Associates Consumer Law Group,             Dated: 3/21/16, 2016
PLC

By:   Ian B. Lyngklip

**CONVERGENT'S COUNSEL**

Gordon & Rees LLP

Dated: March 22 , 2016

By:    Craig J. Mariam

## EXHIBIT 1

## CLAIM FORM

*In re: Convergent Telephone Consumer Protection Act Litigation*
**USDC, District of Connecticut, Case No. 3:13-md-02478-AWT**

_____, Settlement Administrator          **Toll-Free Number: x-xxx-xxx-xxxx**
PO Box [_____]                                 **Website: www.XxxxTCPASettlement.com**
[_____]

<<mail id>>
<<Name1>>
<<Name2>>
<<Address1>>
<<Address2>>
<<City>><<State>><<Zip>>

## CLAIM FORM

TO RECEIVE BENEFITS FROM THIS SETTLEMENT, YOU MUST PROVIDE
<u>ALL</u> OF THE INFORMATION BELOW AND YOU <u>MUST</u> SIGN THIS CLAIM FORM. IF THIS CLAIM FORM IS
SUBMITTED ONLINE, YOU <u>MUST</u> SUBMIT AN ELECTRONIC SIGNATURE.

YOUR CLAIM FORM MUST BE <u>SUBMITTED ON OR BEFORE</u> _____, 2016.

1.  **<u>CLAIMANT INFORMATION IF NOT LISTED ABOVE:</u>**

    _____    _____    _____
    FIRST NAME                MIDDLE NAME      LAST NAME

    _____
    ADDRESS 1

    _____
    ADDRESS 2

    _____    _____  _____ - _____
    CITY                                        STATE   ZIP     (optional)

    _____    _____
    CELLULAR TELEPHONE NUMBER(S) (where you received call(s))   E-MAIL ADDRESS (if applicable)

2.  **<u>AFFIRMATION:</u>**

    By signing below, I declare, to the best of my knowledge and belief that the above informarion is true and accurate.  This Claim
    Form may be researched and verified by Convergent Outsourcing and the Claims Administrator.

    Claim ID #_____

    Signature: _____

    Name (please print): _____

    Date: _____

**QUESTIONS? VISIT www.XxxxTCPASettlement.com OR CALL [_____] or Class Counsel
at 866.726.1092.**

**EXHIBIT 2**

**FINAL APPROVAL ORDER**

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

IN RE                                          )
CONVERGENT OUTSOURCING, INC.  )          Master Docket No. 3:13-md-2478-AWT
TELEPHONE CONSUMER              )          MDL No. 2478
PROTECTION ACT LITIGATION       )
                                               )
_____ )          February 5, 2016

## FINAL APPROVAL ORDER AND JUDGMENT

The Court having held a Final Approval Hearing on _____, 2016, notice of the hearing having been duly given in accordance with this Court's Order (1) Preliminarily Approving Class Action Settlement, (2) Conditionally Certifying a Settlement Class, (3) Approving Notice Plan and (4) Setting Final Approval Hearing (the "Preliminary Approval Order"), and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Final Approval Order and good cause appearing therefore,

It is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.     The Settlement Agreement and Release dated February 5, 2016, including its Exhibits (the "Agreement"), and the definition of words and terms contained therein, are incorporated by reference and are used hereafter.  The terms and definitions of this Court's Preliminary Approval Order (Dkt. No.___) are also incorporated by reference in this Final Approval Order.

2.     This Court has jurisdiction over the subject matter of the Action and over the Parties, including all Settlement Class Members with respect to the Settlement Classes certified for settlement purposes in this Court's Preliminary Approval Order, as follows:

> Rule 23(b)(3) Class
>
> All persons called by Convergent on a cellular telephone who (a) had been reported to Convergent as a wrong number; (b) previously requested Convergent not to call such telephone number; (c) called after providing to Convergent notice of bankruptcy; (d) called after entry by Convergent of an internal attorney handling code or (e) had been called on a cell number obtained via third party skip tracing, on or after October 26, 2008 through and including the date of entry of the Preliminary Approval Order.  Excluded from the Rule 23(b)(3) Class are the Judge to whom the Action is assigned and any member of the Judge's staff and immediate family and well as all persons who are properly opted out or excluded from the Rule 23(b)(3) Class.
>
> Rule 23(b)(2) Class
>
> All persons who were called by Convergent on their cellular telephone, on or after October 26, 2008 through and including the date of entry of the Preliminary Approval Order." Excluded from

1

the Rule 23(b)(2) Class are the Judge to whom the Action is assigned and any member of the Judge's staff and immediate family, and as all persons who are properly opted out or excluded from either the Rule 23(b)(2) Class or the Rule 23(b)(3) Class.

3.      The Court hereby finds that the Agreement is the product of arm's length settlement negotiations between Plaintiffs and Convergent.

4.      The Court hereby finds and concludes that Class Notice was disseminated to persons in the Rule 23(b)(3) Class in accordance with the terms of the Agreement and that the Class Notice and its dissemination were in compliance with this Court's Preliminary Approval Order.

5.      The Court further finds and concludes that the Class Notice and claims submission procedures set forth in the Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided due and sufficient individual notice to all persons in the Rule 23(b)(3) Class who could be identified through reasonable effort and support the Court's exercise of jurisdiction over the Settlement Classes as contemplated in the Agreement and this Final Approval Order.

6.      For the reasons stated on the record, as well as the reasons set forth in Plaintiff's and Convergent's respective pleadings, the Court overrules all objections to the Agreement.

7.      [The Court finds that _____ is/are not class members and have no standing to object to the Settlement Agreement.

8.      The Court hereby finally approves the Agreement and finds that the terms constitute, in all respects, a fair, reasonable and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure.

9.     The Court hereby finally certifies the Settlement Classes for settlement purposes. The Court finds for settlement purposes that the Action satisfies all the requirements of Rule 23 of the Federal Rules of Civil Procedure.

10.    The Court hereby approves the plan of distribution for the Settlement Fund as set forth in the Agreement.  The Claims Administrator is hereby ordered to comply with the terms of the Agreement with respect to distribution of Settlement Awards, the Second Distribution and disposition of any Remaining Funds thereafter.  Should any Remaining Funds be distributed, the Court hereby approves National Foundation for Credit Counseling and the National Consumer Law Center ("NCLC") as the *cy pres* recipients who shall receive an equal distribution.  The funds to NCLC shall be earmarked for work associated with the FCC to protect consumer protections under the TCPA.  The Court finds both organizations closely aligned with the class' interests.

11.    This Court hereby dismisses this Action, with prejudice, without costs to any party, except as expressly provided for in the Agreement.

12.    As of the Effective Date, the Plaintiffs and each and every one of the Rule 23(b)(3)Class Members unconditionally, fully and finally release and forever discharge the Released Parties from the Released Claims as fully set forth in the Agreement.  In addition, any rights of Plaintiffs and each and every one of the Rule 23(b)(3) Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable or equivalent laws will be terminated.

13.    Plaintiffs and each and every Rule 23(b)(3) Class Member, and any person actually or purportedly acting on behalf of Plaintiffs or any Settlement Class Member, are hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or

indirectly, in any judicial, administrative, arbitral or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Agreement, this Final Approval Order and this Court's authority to effectuate the Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

14.     This Court hereby PERMANENTLY AND FOREVER ENJOINS the Rule 23(b)(2) Class from any effort by any Rule 23(b)(2) Class Member to bring a putative class action against Convergent, Inc. and each and all of its and their present, former and future direct and indirect parent companies, affiliates, subsidiaries, agents, successors, predecessors in interest, insurers, and all of the respective officers, directors, employees, attorneys, shareholders, agents, representatives, and assigns of the aforementioned for any purported violations of the TCPA that occurred during the Rule 23(b)(2) Class time period. Convergent is PERMANENTLY AND FOREVER ENJOINED from moving to dismiss any TCPA claim raised by a Rule 23(b)(2) Class member on an individual basis for a violation that allegedly occurred during the Class time period as to a failure of any party to plead an Automatic Telephone Dialing System ("ATDS") was used. Convergent shall further admit that it used an ATDS for purported violations of the TCPA that occurred during the Rule 23(b)(2) Class time period so long as the claim is made on an individual basis.

15.     The Agreement (including any and all exhibits attached thereto) and any and all negotiations, documents, and discussions associated with it will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by Convergent, or the truth of any of the claims. Evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Agreement, the Preliminary Approval Order and/or this Final Approval Order.

16.     If for any reason whatsoever this Settlement fails to become effective for any reason, the certification of the Settlement Classes shall be void and the Parties and the Action

will return to the status quo as it existed prior to the Agreement, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings, in response to any motion seeking class certification, any motion seeking to compel arbitration or otherwise asserted at any other stage of the Action or in any other proceeding.  No agreements, documents or statements made by or entered into by any Party in connection with the Settlement may be used by Plaintiffs, any person in the Settlement Classes, Convergent or any other person to establish liability, any defense and/or any of the elements of class certification, whether in the Action or in any other proceeding.

17.     In the event that the Settlement fails to become effective for any reason, the money remaining in the Settlement Fund (including accrued interest), less expenses and taxes incurred or due and owing and payable from the Settlement Fund in accordance with the Agreement, shall be returned to Convergent within 15 days of the event that causes the Agreement to not become effective.

18.     In the event that any provision of the Agreement or this Final Approval Order is asserted by Convergent as a defense in whole or in part to any claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion.  Solely for purposes of such suit, action or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum.  These provisions are necessary to protect the Agreement, this Final Approval Order and this Court's authority to effectuate the Agreement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

19.     By incorporating the Agreement and its terms herein, the Court determines that this Final Approval Order complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

20.     Class Counsel have moved pursuant to FED. R. CIV. P. 23(h) and 52(a) for an award of attorneys' fees and reimbursement of expenses. Pursuant to Rules 23(h)(3) and 52(a) this Court makes the following findings of fact and conclusions of law:

(a)     that the Class Settlement confers substantial benefits on the Settlement Class Members;

(b)     that the value conferred on the Settlement Class is immediate and readily quantifiable (upon this Judgment becoming Final (as defined in the Agreement), Settlement Class Members who have submitted valid Settlement Claim Certification Forms will receive cash payments that represent a significant portion of the damages that would be available to them were they to prevail in an individual action under the Telephone Consumer Protections Act ("TCPA");

(c)     that Class Counsel vigorously and effectively pursued the Settlement Class Members' claims before this Court in this complex case;

(d)     that the Class Settlement was obtained as a direct result of Class Counsel's advocacy;

(e)     that the Class Settlement was reached following extensive negotiation between Class Counsel and Counsel for Convergent, and was negotiated in good-faith and in the absence of collusion;

(f)     that Settlement Class Members were advised in the Class Notice approved by the Court that Class Counsel intended to apply for an award of attorneys' fees and expenses in

an amount of up to $_____ incurred in the prosecution of the Litigation, to be paid from the Settlement Fund;

      (g)    that _____ member(s) of the Settlement Class has (have) submitted written objection(s) to the award of attorneys' fees and expenses;

      (h)    that counsel who recover a common benefit for persons other than himself or his client is entitled to a reasonable attorneys' fee from the Settlement Fund as a whole. *See, e.g., Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Blum v. Stenson*, 465 U.S. 866, 900 n.16 (1984); and

Accordingly, Class Counsel are hereby awarded $_____ from the balance of the Settlement Fund, as their fee award which the Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Agreement.  Class Counsel shall be responsible for allocating and shall allocate this award of attorneys' fees, costs, and expenses that are awarded amongst and between Class Counsel.

14.   The Class Representatives, as identified in the Preliminary Approval Order, are hereby compensated each in the amount of $_____ for his or her efforts in this case.

        **IT IS SO ORDERED,**
        **ADJUDGED AND DECREED.**

Dated:  _____    _____
                                          Honorable Alvin W. Thompson

**EXHIBIT 3**

**MAIL NOTICE**

# NOTICE OF CLASS ACTION LAWSUIT AND PROPOSED SETTLEMENT
### THE COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.

*In re: Convergent Telephone Consumer Protection Act Litigation*
**USDC, District of Connecticut, Case No. 3:13-md-02478-AWT**

YOU MAY BE ENTITLED TO RECEIVE MONETARY COMPENSATION.

| | |
|---|---|
| **What is this?** | This is notice of a Proposed Settlement in a class action lawsuit. |
| **What is this lawsuit about?** | The Settlement would resolve a lawsuit brought on behalf of a putative class of individuals defined all persons called by Convergent Outsourcing, Inc. ("Convergent") on a cellular telephone who (a) had been reported to Convergent as a wrong number; (b) previously requested Convergent not to call such telephone number; (c) called after providing to Convergent notice of bankruptcy; (d) called after entry by Convergent of an internal attorney handling code or (e) had been called on a cell number obtained via third party skip tracing, on or after October 26, 2008 through and including the date of entry of the Preliminary Approval Order. Class Counsel estimate that are approximately 503,644 unique cellular telephone numbers in this Class. Convergent denies these any wrongdoing. The Court has not ruled on the merits of Plaintiff's claims or Convergent's defenses. |
| **Why am I getting this notice?** | You were identified as someone who may have received one of these calls based on Convergent's records. |
| **What does the Settlement** | Convergent has agreed to pay a total of $5,500,000 into a |

| provide? | Settlement Fund, which will pay for the cost of notice and administration of the settlement, Settlement Class members' claims, attorneys' fees and costs incurred by counsel for Plaintiff and the Settlement Class ("Class Counsel"), a service award for Plaintiffs and a charitable contribution, if approved by the Court. Class Counsel estimate that a Settlement Class member who submits a valid claim form ("Claim Form") may receive a cash award of between $125 to $150. Plaintiffs will petition for service award not to exceed $X,000 each for their work in representing the Class and Class Counsel's fees and costs equal to _____ of the settlement fund, not to exceed _____. |
|---|---|
| **How can I receive a payment from the Settlement?** | To receive payment, you must complete and submit a valid Claim Form by Xxxxxx XX, 2016. You can obtain and submit a Claim Form online at www.XxxxTCPASettlement.com. You can also submit a claim via telephone or obtain a mail-in Claim Form by calling [INSERT HOTLINE]. Mail-in Claim Forms must be sent to the Settlement Administrator at the address below. |
| **Do I have to be included in the Settlement?** | If you don't want monetary compensation from this Settlement and you want to keep the right to sue Convergent on your own, then you must exclude yourself from the Settlement by sending a letter requesting exclusion to the Settlement Administrator by Xxxxxx XX, 2016 at the address below that contains the specific information set forth in the Settlement Website. |
| **If I don't like something about the Settlement, how do** | If you don't exclude yourself from the Settlement, you can object to any part of the Settlement.  You must file your written objection |

| I tell the Court? | with the Court by **Xxxxxx XX, 2016**, mailed to both Class Counsel and defense counsel and containing the specific information set forth in the Settlement Website. |
|---|---|
| **What if I do nothing?** | If you do nothing, you will not be eligible for a payment. But you will still be a Settlement Class member and bound by the Settlement, and you will release Convergent from liability. |
| **How do I get more information about the Settlement?** | This notice contains limited information about the Settlement. For more information, to view additional Settlement documents, and to review information regarding your opt-out and objection rights and the final approval hearing, visit www.XxxxTCPASettlement.com. You can also obtain additional information, a long form notice or Claim Form by calling [INSERT NUMBER]. |

CONVERGENT TCPA SETTLEMENT
SETTLEMENT ADMINISTRATOR
[INSERT CLAIMS ADMIN ADDRESS]

[CLAIM ID IN DIGITS]
[CLAIM ID IN 2D BARCODE]
Postal Service: Please Do Not Mark or Cover Barcode

[FIRST1] [LAST1]
[BUSINESSNAME]
[ADDR1] [ADDR2]
[CITY] [ST] [ZIP]

**EXHIBIT 4**

**PRELIMINARY APPROVAL ORDER**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE | ) | |
| CONVERGENT OUTSOURCING, INC. | ) | Master Docket No. 3:13-md-2478-AWT |
| TELEPHONE CONSUMER | ) | MDL No. 2478 |
| PROTECTION ACT LITIGATION | ) | |
| | ) | |
| _____ | ) | February 5, 2016 |

[PROPOSED] ORDER  (1) CONDITIONALLY CERTIFYING A SETTLEMENT
CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT,
(3) APPROVING NOTICE PLAN AND (4) SETTING FINAL APPROVAL HEARING

1091859/26897757v.1

This matter came before the Court on Plaintiffs' Motion for Preliminary Approval of the proposed class action settlement (the "Settlement") of the case entitled In re: Convergent Telephone Consumer Protection Act Litigation, United States District Court for the District of Connecticut, Case No. 3:13-cv-02478-AWT (the "Action"). The Action was brought by plaintiffs Cindy Vazquez, Debbie Bennett and Phillip Bennett, Diana Austin, and Cherie Laursen (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, against defendant Convergent Outsourcing, Inc ("Convergent" and, together with Plaintiffs, the "Parties"). Based on this Court's review of the Parties' Settlement Agreement and Release (the "Agreement"), Plaintiffs' Motion for Preliminary Approval of Settlement, and the arguments of counsel, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

      1.      Settlement Terms. Unless otherwise defined herein, all terms in this Order shall have the meanings ascribed to them in the Agreement.

      2.      Jurisdiction. The Court has jurisdiction over the subject matter of the Action, the Parties, and all persons in the Settlement Class.

      3.      Scope of Settlement. The Agreement resolves all claims that fall within the classes defined in the Agreement; to wit, the Rule 23(b)(3) Class and the Rule 23(b)(2) class defined at Sections 2.32 and 2.34, respectively, in the Agreement.

      4.      Preliminary Approval of Proposed Agreement. The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement. Based on this preliminary evaluation, the Court finds that: (a) the Agreement is fair, reasonable and adequate, and within the range of possible approval; (b) the Agreement has been negotiated in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case; and (c) with respect to the forms of notice of the material terms of the Settlement to persons

- 2 -

in the Rule 26(b)(3) Class for their consideration (Exs. 1, 3 and 5 to the Agreement), that notice

is appropriate and warranted.  Therefore, the Court grants preliminary approval of the

Settlement.

      5.    <u>Class Certification for Settlement Purposes Only</u>.  The Court, pursuant to Rule

23 of the Federal Rules of Civil Procedure, conditionally certifies, for purposes of this Settlement

only, the following Settlement Classes:

> Rule 23(b)(3) Class:
>
> All persons called by Convergent on a cellular telephone who (a)
> had been reported to Convergent as a wrong number; (b)
> previously requested Convergent not to call such telephone
> number; (c) called after providing to Convergent notice of
> bankruptcy; (d) called after entry by Convergent of an internal
> attorney handling code or (e) had been called on a cell number
> obtained via third party skip tracing, on or after October 26, 2008
> through and including the date of entry of the Preliminary
> Approval Order.  Excluded from the Rule 23(b)(3) Class are the
> Judge to whom the Action is assigned and any member of the
> Court's staff and immediate family, and all persons who are
> validly excluded from the Rule 23(b)(3) Class. .
>
> Rule 23(b)(2) Class:
>
> All persons who were called by Convergent on a cellular
> telephone, on or after October 26, 2008 through and including the
> date of entry of the Preliminary Approval Order.  Excluded from
> the Rule 23(b)(2) Class are the Judge to whom the Action is
> assigned and any member of the Court's staff and immediate
> family, and all persons who are properly opted out or excluded
> from either the Rule 23(b)(2) Class or the Rule 23(b)(3) Class.

      6.    In connection with this conditional certification, the Court makes the following

preliminary findings:

      (a)    The Settlement Classes appear to be so numerous that joinder of all

members is impracticable;

      (b)    There appear to be questions of law or fact common to the Settlement

Classes for purposes of determining whether the Settlement should be approved;

- 3 -

(c)      Plaintiffs' claims appear to be typical of the claims being resolved through the Settlement;

(d)      Plaintiffs appear to be capable of fairly and adequately protecting the interests of all members of the Settlement Classes in connection with the Settlement;

(e)      For purposes of determining whether the Agreement is fair, reasonable and adequate, common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Classes.  Accordingly, the Settlement Classes appear to be sufficiently cohesive to warrant settlement by representation; and

(f)      For purposes of the Settlement, certification of the Settlement Classes appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Classes.

7.      Class Representatives.  The Court appoints Cindy Vazquez, Debbie Bennett, Phillip Bennett, Diana Austin, and Cherie Laursen to act as the representatives of the Rule 23(b)(3) Class pursuant to Rule 23 of the Federal Rules of Civil Procedure. The court further appoints Diana Austin to act as the representative of the Rule 23(b)(2) Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

8.      Class Counsel.  The Court appoints Keogh Law, Ltd.; Lemberg Law, LLC; Hyde & Swigart; and Lyngklip & Associates Consumer Law Group, PLC as Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure.

9.      Final Approval Hearing.  At _____ _.m. on _____, 2016, in South Courtroom  of the Abraham Ribicoff Federal Building, 450 Main Street, Hartford, CT, or at such other date and time later set by Court Order, this Court will hold a Final Approval Hearing on the fairness, adequacy and reasonableness of the Agreement and to determine

- 4 -

whether (a) final approval of the Settlement embodied by the Agreement should be granted, and (b) Class Counsel's application for attorneys' fees and expenses, and service award to Plaintiff, should be granted, and in what amount.  No later than _____, 2016, Plaintiff must file papers in support of Class Counsel's application for attorneys' fees and expenses and the service award to the Plaintiff.  No later than _____, 2016, which is fourteen (14) days prior to the Final Approval Hearing, papers in support of final approval of the Settlement and response to any written objections must be filed.

10. Settlement Claims Administrator. _____ is hereby appointed as the Claims Administrator and shall be required to perform all the duties of the Claims Administrator as set forth in the Agreement and this Order.

11. Class Notice.  The Court approves the proposed plan for giving notice to the Rule 23(b)(3) Class directly (using post cards) and through establishment of a Settlement Website, as more fully described in Plaintiff's Motion and the Agreement ("Notice Plan"). The Notice Plan, in form, method and content, complies with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and constitutes the best notice practicable under the circumstances.  The Court hereby directs the Parties and the Claims Administrator to complete all aspects of the Notice Plan within forty-five (45) days of the date of this order ("Notice Deadline").

12. The Claims Administrator will file with the Court by no later than _____, 2016, which is fourteen (14) days prior to the Final Approval Hearing, proof that notice was provided in accordance with the Agreement and this Order.

13. Opt-Out and Objection Deadline.  Persons in the Settlement Classes who wish to either object to the Settlement or request exclusion from the Settlement Class must do so by

- 5 -

_____, 2016, which is sixty (60) calendar days after the Notice Deadline.  Persons in the Settlement Classes may not both object and opt-out.  If a person both requests to opt-out and objects, the request to opt-out will control.

14.    Exclusion from the Settlement Class.  To request exclusion from the Settlement Classes, a person in the Settlement Class must follow the directions in the Class Notice and send a compliant request to the Claims Administrator at the address designated in the Class Notice by the Opt-Out and Objection Deadline.  Exclusion requests must: (a) be signed by the person in the Settlement Class who is requesting exclusion; (b) include the full name, address, and account number(s) of the person in the Settlement Class requesting exclusion (except that persons in the Settlement Class who do not have and have not had an auto finance relationship with Convergent shall not be required to include an account number but must state that they received  calls and did not have such a relationship); and (c) include the following statement: "I/we request to be excluded from the settlement in the Convergent TCPA action."  No request for exclusion will be valid unless all of the foregoing information is included. No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person in the Settlement Class from the Settlement Class.

15.    The Claims Administrator will retain a copy of all requests for exclusion.  Not later than fourteen (14) days before the Final Approval Hearing, the Claims Administrator will file under seal with the Court a declaration that lists all of the exclusion requests received.

16.    If a timely and valid exclusion request is made by a person in the Settlement Class, then the Agreement and any determinations and judgments concerning the Settlement will not bind the excluded person.

- 6 -

17.    All Settlement Class Members will be bound by all determinations and judgments concerning the Settlement.

18.    <u>Objections to the Settlement</u>.  To object to the Settlement, Rule 23(b)(3) Class Members must follow the directions below and in the Class Notice and file a written objection with the Court by the Opt-Out and Objection Deadline.  Rule 23(b)(3) Class Members also must mail the objection by the Opt-Out and Objection Deadline to each of the following: (a) Class Counsel -- Keogh Law, Ltd., 55 W. Monroe, Ste. 3390, Chicago, Illinois 60603; and (b) Convergent's Counsel – Thomas C. Blatchley and Craig J. Mariam, Gordon & Rees LLP, 95 Glastonbury Blvd, Suite 206, Glastonbury, CT 06033.  In connection with an objection, the Rule 23(b)(3) Class Member must:  (a) attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Rule 23(b)(3) Class Member, including providing the cellular telephone number called; (b) include a statement of such Rule 23(b)(3) Class Member's specific objections; and (c) state the grounds for objection, as well as identify any documents which such objector desires the Court to consider.  The Court will not consider an objection unless the objection includes all of the foregoing information.

19.    Any Rule 23(b)(3) Class Member who fails to comply with Paragraph 18 will not be permitted to object to the Settlement at the Final Approval Hearing, will be foreclosed from seeking any review of the Settlement by appeal or other means, will be deemed to have waived his, her or its objections, and will be forever barred from making any objections in the Action or any other related action or proceeding.  All Settlement Class Members will be bound by all determinations and judgments in the Action, whether favorable or unfavorable to the Settlement Class.

- 7 -

20.     For any objection filed, the Clerk of the Court is ordered to redact any social security number, the street address, telephone number and last name except first letter of last name in order to protect the objector's privacy.  The objector's first name and city, state and zip code, as well as the objection, will not be redacted.

21.     Stay of Other Proceedings.  Pending the final determination of whether the Settlement should be approved, all pre-trial proceedings and briefing schedules in the Action are stayed.

22.     Pending the final determination of whether the Settlement should be approved, Plaintiff and all persons in the Settlement Classes are hereby stayed and enjoined from commencing, pursuing, maintaining, enforcing or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral or other forum, against any of the Released Parties.  Such injunction will remain in force until the Court enters the Final Approval Order or until such time as the Parties notify the Court that the Settlement has been terminated.  Nothing herein will prevent any person in the Settlement Classes, or any person actually or purportedly acting on behalf of any such person (s), from taking any actions to stay or dismiss any Released Claim(s).  This injunction is necessary to protect and effectuate the Agreement, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Agreement and to enter judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments.  This injunction does not apply to any person who requests exclusion from the Settlement.

23.     If for any reason whatsoever this Settlement is not finalized or the Settlement as detailed in the Agreement is not finally approved by the Court, the certification of the Settlement Classes shall be void and the Parties and the Action will return to the status quo as

- 8 -

it existed prior to the Agreement, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings, in response to any motion seeking class certification, any motion seeking to compel arbitration or otherwise asserted at any other stage of the Action or in any other proceeding.  No agreements, documents or statements made by or entered into by any Party in connection with the Settlement may be used by Plaintiff, any person in the proposed Settlement Classes, Convergent or any other person to establish liability, any defense and/or any of the elements of class certification, whether in the Action or in any other proceeding.

24.     In the event that the Settlement is not approved, or is terminated, canceled or fails to become effective for any reason, the money remaining in the Settlement Fund (including accrued interest), less expenses and taxes incurred or due and owing and payable from the Settlement Fund in accordance with the Agreement, shall be returned to Convergent within 15 days of the event that causes the Agreement to not become effective.

25.     No Admission of Liability.  The Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by Convergent, or the truth of any of the claims.  Evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Agreement, this Order and the Final Approval Order.

26.     Reasonable Procedures to Effectuate the Settlement.  Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including

- 9 -

making, without further approval of the Court, minor changes to the form or content of the Class Notice and Claim Form and other exhibits that they jointly agree are reasonable and necessary. The Court reserves the right to approve the Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to persons in the Settlement Class.

       27.    <u>Schedule of Future Events</u>. Accordingly, the following are the deadlines by which certain events must occur:

| | |
|---|---|
| _____, 2016<br><br>[45 days after the date of this Order] | Deadline for notice to be provided in accordance with the Agreement and this Order (Notice Deadline) |
| _____, 2016<br><br>[30 days after the Notice Deadline] | Deadline for filing of Plaintiff's Motion for Attorneys' Fees and Costs and Service Award |
| _____, 2016<br><br>[60 days after the Notice Deadline] | Deadline to file objections or submit requests for exclusion (Opt-Out and Objection Deadline) |
| _____, 2016<br><br>[60 days after the Notice Deadline] | Deadline for Rule 23(b)(3) Class Members to Submit a Claim Form (Claim Period) |
| _____, 2016<br><br>[30 days after the Opt-Out and Objection Deadline] | Deadline for Parties to file the following:<br><br>(1) List of persons who made timely and proper requests for exclusion (under seal);<br>(2) Proof of Class Notice; and<br>(3) Motion and memorandum in support of final approval, including responses to any objections. |
| | |

| _____, 2016 at ____ _.m. [No earlier than 149 days from the entry of this Order] | Final Approval Hearing |
|---|---|

IT IS SO ORDERED.

Dated:_____          _____
                                     Hon. Alvin W Thompson
                                     United States District Judge

**EXHIBIT 5**

**WEBSITE NOTICE**

*In re: Convergent Telephone Consumer Protection Act Litigation*
**United States District Court, District of Connecticut**
**Case No. 3:13-md-02478-AWT**

**If automated calls were placed to your cell phone by Convergent Outsourcing from October 28, 2008 through Xxxx XX, 2016, you may be entitled to benefits under a class action settlement.**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- **A proposed settlement will provide a total of $5,500,000 (the "Settlement Fund") to fully settle and release claims The Settlement would resolve a lawsuit brought on behalf of a putative class of individuals defined all persons called by Convergent Outsourcing, Inc. ("Convergent") on a cellular telephone who (a) had been reported to Convergent as a wrong number; (b) previously requested Convergent not to call such telephone number; (c) called after providing to Convergent notice of bankruptcy; (d) called after entry by Convergent of an internal attorney handling code or (e) had been called on a cell number obtained via third party skip tracing, on or after October 26, 2008 through and including the date of entry of the Preliminary Approval Order. Class Counsel estimate that there are approximately 503,644 unique cellular telephone numbers in this Class.**

- **Plaintiffs allege that certain of these calls violated the federal Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"). Convergent denies Plaintiffs' allegations and denies any wrongdoing whatsoever. The Court has not ruled on the merits of Plaintiffs' claims or Convergent's defenses. By entering into the settlement, Convergent has not conceded the truth or validity of any of the claims against it.**

- **The Settlement Fund shall be used to pay all amounts related to the settlement, including awards to Settlement Class members who submit a valid and timely claim form to receive payment ("Claim Form"), attorneys' fees and costs to attorneys representing Plaintiff and the Settlement Class ("Class Counsel"), any service award for Plaintiffs and the costs of notice and administration of the settlement. Class Counsel estimate that Settlement Class members who timely submit a valid Claim Form will receive between $125 and $150. Monies remaining in the Settlement Fund after these payments are made will be distributed to the class in a second distribution unless a second distribution is not feasible as further described in the Settlement Agreement. Only if a second distribution is not feasible, the funds will distributed to a charity approved by the Court. Plaintiff has suggested _____. Defendant has suggested _____.**

- **Your rights and options, and the deadlines to exercise them, are explained in this Notice. Your legal rights are affected whether you act or don't act. Read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| SUBMIT A CLAIM FORM | If you submit a valid Claim Form by Xxxx XX, 2016, you will receive a payment and will give up your rights to sue Convergent and/or any other released parties on a released claim.  Claim Forms may be submitted by mail to _____ or through the settlement website by clicking [here] or by calling |
| EXCLUDE YOURSELF OR "OPT-OUT" OF THE SETTLEMENT | If you ask to be excluded, you will not receive a payment.  This is the only option that allows you to pursue your own claims against Cconvergent and/or other released parties in the future.  The deadline for excluding yourself is Xxxx XX, 2016. |
| OBJECT TO THE SETTLEMENT | Write to the Court about why you believe the settlement is unfair in any respect.  The deadline for objecting is Xxxx XX, 2016.  To obtain a benefit from this settlement, you must still submit a Claim Form.  If you submit only an objection, you will not receive any benefit from the settlement and you will give up your rights to sue Convergent and/or any other released parties on a released claim. |
| DO NOTHING | If you do nothing, you will not receive any monetary award and you will give up your rights to sue Convergent and/or any other released parties on a released claim. |
| GO TO THE FINAL APPROVAL HEARING | Ask to speak in Court about the fairness of the settlement.  To speak at the Final Approval Hearing, you must file a document including your name, address, telephone number and your signature with the Court stating your intention to appear no later than Xxxx XX, 2016. |

- These rights and options—and the deadlines to exercise them—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved.  Please be patient and check the settlement website for any updates.

## BASIC INFORMATION

The purpose of this Notice is to inform you that a proposed Settlement has been reached in the putative class action lawsuit entitled *in re: Convergent Telephone Consumer Protection Act Litigation*, Case No. 3:13-md-2478-AWT (Dist. CT).  Because your rights will be affected by this Settlement, it is extremely important that you read this Notice carefully.  This Notice summarizes the settlement and your rights under it.

If you received a summary notice describing this settlement that is because Convergent's records indicate that you may be a member of the Settlement Class in this action.  You are a member of the Settlement Class if you fit the above class definition.

In a class action, one or more people called Class Representatives (here, Plaintiffs) sue on behalf of people who allegedly have similar claims.  This group is called a class and the persons included are called class members.  One court resolves the issues for all of the class members, except for those who exclude themselves from the class.

Here, Plaintiffs claim Convergent violated the TCPA by placing calls to cellular telephones between October 28, 2012 and Xxxx XX, 2016, through the use of an automatic telephone dialing system or an artificial or prerecorded voice without prior express consent or where any such consent had been revoked.  Convergent denies these allegations and denies any claim of wrongdoing.  The Court has conditionally certified a class action for settlement purposes only.  The Honorable Alvin W. Thompson is in charge of this action.

The Court did not decide in favor of Plaintiffs or Convergent.  Instead, both sides agreed to this settlement.  That way, they avoid the risk and cost of a trial, and the Settlement Class members will receive compensation.  Plaintiffs and Class Counsel think the settlement is best for all persons in the Settlement Class.

## WHO IS IN THE SETTLEMENT CLASS?

The Court has certified a class action for settlement purposes only.  The Settlement Class is defined as:

> All persons called by Convergent on a cellular telephone who (a) had been reported to Convergent as a wrong number; (b) previously requested Convergent not to call such telephone number; (c) called after providing to Convergent notice of bankruptcy; (d) called after entry by Convergent of an internal attorney handling code or (e) had been called on a cell number obtained via third party skip tracing, on or after October 26, 2008 through and including the date of entry of the Preliminary Approval Order." Class Counsel estimates that there are approximately 503,644 unique cellular telephone numbers in this Class. Excluded from this Class are the Judge to whom the Action is assigned and any member of the Court's staff and immediate family, and all persons who are properly opted out or excluded from this Class.

 "If you are still not sure whether you are included, you can visit other sections of the Settlement Website, www.XxxxTCPASettlement.com, you may write to the claims administrator at In re:

Convergent Telephone Consumer Protection Act Litigation., c/o _____, or you may call the Toll-Free Settlement Hotline, 1-_____, for more information.

## THE LAWYERS REPRESENTING YOU

The Court has appointed the law firms of Keogh Law, Ltd.; Lemberg Law, LLC; Hyde & Swigart; and Lyngklip & Associates Consumer Law Group, PLC as Class Counsel to represent you and the other persons in the Settlement Class. You will not be personally charged by these lawyers.

Class Counsel will ask the Court to approve payment of _____ of the Settlement Fund, or $_____ to them for attorneys' fees and expenses. Class Counsel also will ask the Court to approve payment of $X,000 to each Plaintiff for their services as Class Representatives. The Court may award less than these amounts.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

**Settlement Fund**. Convergent will pay the total amount of $5,500,000 into a fund (the "Settlement Fund"), which will cover: (1) cash payments to Settlement Class Members who submit timely and valid Claim Forms; (2) an award of attorneys' fees and costs to Class Counsel as approved by the Court; (3) service award to the Plaintiffs as approved by the Court; (4) the costs of notice and administration of the Settlement; and (5) only if a second distribution is not feasible pursuant to the settlement agreement a charitable contribution approved by the Court. Plaintiff has suggested _____ and Defendant has suggested _____.

**Cash Payments**. All Settlement Class Members are eligible to submit a Claim Form and receive a cash payment. To submit a Claim Form, follow the procedures described under Question 11 below.

**No Portion of the Settlement Fund Will Return to Convergent**

Your share of the Settlement Fund will depend on the number of valid Claim Forms that Settlement Class Members submit. Class Counsel estimate that the amount of the cash award (while dependent upon the number of claims) may be within the range of $125 to $150. **This is an estimate only. The final cash payment amount will depend on the total number of valid and timely claims submitted by Settlement Class Members.**

Unless you exclude yourself from the settlement, you will be part of the Settlement Class and will be bound by the release of claims in the settlement.  This means that if the settlement is approved, you cannot rely on any Released Claim to sue or continue to sue, on your own or as part of any other lawsuit, Convergent and/or any other Released Parties, as explained in the settlement agreement.  It also means that all of the Court's orders will apply to you and legally bind you.  Unless you exclude yourself from the settlement, you will agree to release Convergent and any other Released Parties, as defined in the settlement agreement, from any and all claims that arise from the automated calls to your cellular telephone at issue in this action.

In summary, the Release includes, without limitation, all claims that arise out of the use by Convergent that arise out of or relate in any way to the Released Parties' use of an "automatic telephone dialing system" or ATDS or an "artificial or prerecorded voice" to contact or attempt to contact Settlement Class Members in connection with consumer debts or accounts, to the fullest extent that those terms are used, defined or interpreted by the TCPA, relevant regulatory or administrative promulgations and case law, including, but not limited to, claims under or for a violation of the TCPA and any other statutory or common law claim arising from the use of an ATDS and/or artificial or prerecorded voice to call telephones or pagers

If you have any questions about the Release or what it means, you can speak to Class Counsel, listed under Question 6, for free, or you can, at your own expense, talk to your own lawyer.  The Release does not apply to persons in the Settlement Class who timely exclude themselves.

## HOW TO OBTAIN A PAYMENT

To receive a payment, you must submit a Claim Form by _____

If you are submitting your claim via the Settlement [click here], it must be submitted no later than Xxxxx XX, 2016.

If you are submitting your claim via telephone, call _____, it must be submitted no later than Xxxxx XX, 2016.

If you are mailing your Claim Form to the claims administrator, it must be postmarked by _____.  You may get a Claim Form on the Settlement Website, www.XxxxTCPASettlement.com, or by calling the Toll-Free Settlement Hotline, _____.  **Read the instructions carefully, fill out the form completely and accurately, sign it and submit it**.  To be valid, the Claim Form must be completed fully and accurately, signed and submitted timely.  A Claim Form may be submitted by mail to the claims administrator at: In re: Convergent Telephone Consumer Protection Act Litigation., c/o _____.

## WHEN WILL I RECEIVE MY SETTLEMENT PAYMENT?

The Court will hold a hearing on Xxxxx XX, 2016 to decide whether to approve the settlement. If the Court approves the settlement, after that, there may be appeals.  It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.  Everyone who sends in a Claim Form will be informed of the progress of the settlement through information posted on the Settlement Website at www.XxxxTCPASettlement.com. Please be patient.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you want to keep the right to sue or continue to sue Convergent or a Released Party, as defined in the settlement agreement, then you must take steps to get out of the Settlement Class. This is called excluding yourself from, or opting-out of, the Settlement Class.

To exclude yourself from the settlement, you must send an exclusion request to the claims administrator.  To be valid, an exclusion request must:  (i) be signed by the person in the Settlement Class who is requesting exclusion; (ii) include the full name, address, and claim ID number(s) of the person in the Settlement Class requesting exclusion; and (iii) include the following statement: "I/we request to be excluded from the settlement in the Convergent TCPA action."  No request for exclusion will be valid unless all of the information described above is included.  No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person in the Settlement Class from the Settlement Class.

**To be valid, you must mail your exclusion request postmarked no later than Xxxxxx XX, 2016 to the claims administrator at IN re: Convergent Telephone Consumer Protection Act Litigation, c/o _____.**

No.  If you do not exclude yourself, you give up any right to sue (or continue to sue) Convergent or any Released Parties for the claims that this settlement resolves.

No.  If you ask to be excluded, you will not be able to submit a Claim Form for a settlement payment and you cannot object to the settlement.

## OBJECTING TO THE SETTLEMENT

If you are in the Settlement Class, you can object to the settlement or any part of the settlement that you think the Court should reject, and the Court will consider your views.  If you do not provide a written objection in the manner described below, you shall be deemed to have waived

any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the settlement or the award of any attorneys' fees and costs and/or service award.

To object, you must make your objection in writing, stating that you object to the settlement in In re: Convergent Telephone Consumer Protection Act Litigation. To be considered by the Court, the written objection must: (i) attach documents establishing, or provide information sufficient to allow the parties to confirm, that the objector is a Settlement Class Member, including providing the cellular telephone number called and must include the Claim ID number; (ii) include a statement of the specific objections; and (iii) state the grounds for objection, as well as identify any documents which the objector desires the Court to consider.

**To be considered, you must file your objections with the Court and mail your objections to the addresses below no later than Xxxxxx XX, 2016.**

For Plaintiff:

Keith Keogh, Esq.
Keogh Law, Ltd.
55 Monroe St., 3390
Chicago, IL 60603

For Convergent:

Thomas C. Blatchley
Craig J. Mariam
Gordon & Rees LLP
95 Glastonbury Blvd., Ste. 206
Glastonbury, CT 06033

**Even if you timely and properly object, to obtain a benefit from this settlement, you must submit a Claim Form. If you object but fail to submit a Claim Form, you will not receive any monetary award.**

Objecting is telling the Court that you do not like something about the settlement. You can object only if you stay in the Settlement Class as evidenced by the Claim ID. Excluding yourself means that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## IF YOU DO NOTHING

If you do nothing, you will not receive any monetary award and you will give up your rights to sue Convergent and/or any other Released Parties on a Released Claim. For information relating to what rights you are giving up, see Question 10.

## THE FINAL APPROVAL HEARING

The Court will hold a Final Approval Hearing at XX:00 a.m. on Xxxxx XX, 2016 at the United States District Court for the District of Connecticut, 450 Main Street, Hartford CT, 06103, in the South Courtroom. At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate. If there are valid objections that comply with the requirements in Question 14 above, the Court also will consider them and will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel and Plaintiffs.

The Final Approval Hearing may be moved to a different date or time without additional notice, so it is a good idea to check the Settlement Website for updates.

No. Class Counsel will appear on behalf of the Settlement Class. But, you are welcome to come, or have your own lawyer appear, at your own expense.

You may ask the Court for permission to speak at the Final Approval Hearing, but only in connection with an objection that you have timely submitted to the Court according to the procedure set forth in Question 16 above. To speak at the Final Approval Hearing, you must also file a document with the Court stating your intention to appear. For this document to be considered, it must include your name, address, telephone number and your signature. The document must be filed with the Court no later than _____. You cannot speak at the hearing if you exclude yourself from the settlement.

### GETTING MORE INFORMATION

This notice is only a summary of the proposed settlement. You can get a copy of the settlement agreement by visiting the Settlement Website, www.XxxxTCPASettlement.com, or you can write to the address below or call the Toll-Free Settlement Hotline, _____. You can also call class counsel with any questions at 866.726.1092 or XXXXsettlement@keoghlaw.com

**DO NOT CALL OR WRITE TO THE COURT, THE CLERK OF THE COURT, CONVERGENT OR CONVERGENT'S COUNSEL ABOUT THE SETTLEMENT. ALSO, TELEPHONE REPRESENTATIVES WHO ANSWER CALLS MADE TO THE TOLL-FREE NUMBER ARE NOT AUTHORIZED TO CHANGE THE TERMS OF THE SETTLEMENT OR THIS NOTICE.**