# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE )<br>CONVERGENT OUTSOURCING, INC. )<br>TELEPHONE CONSUMER )<br>PROTECTION ACT LITIGATION )<br>)<br>) | Master Docket No. 3:13-md-2478-AWT<br>MDL No. 2478 |

### ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING NOTICE PLAN AND (4) SETTING FINAL APPROVAL HEARING

This matter came before the Court on Plaintiffs' Motion for Preliminary Approval of the proposed class action settlement (the "Settlement") of the case entitled <u>In re: Convergent Telephone Consumer Protection Act Litigation</u>, United States District Court for the District of Connecticut, Case No. 3:13-cv-02478-AWT (the "Action"). The Action was brought by plaintiffs Cindy Vazquez, Debbie Bennett and Phillip Bennett, Diana Austin, and Cherie Laursen (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, against defendant Convergent Outsourcing, Inc ("Convergent" and, together with Plaintiffs, the "Parties"). Based on this Court's review of the Parties' Settlement Agreement and Release (the "Agreement"), Plaintiffs' Motion for Preliminary Approval of Settlement, and the arguments of counsel, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1. <u>Settlement Terms</u>. Unless otherwise defined herein, all terms in this Order shall have the meanings ascribed to them in the Agreement.

2. <u>Jurisdiction</u>. The Court has jurisdiction over the subject matter of the Action, the Parties, and all persons in the Settlement Class.

3. <u>Scope of Settlement</u>. The Agreement resolves all claims that fall within the classes defined in the Agreement; to wit, the Rule 23(b)(3) Class and the Rule 23(b)(2) class defined at Sections 2.32 and 2.34, respectively, in the Agreement.

4. <u>Preliminary Approval of Proposed Agreement</u>. The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement. Based on this preliminary evaluation, the Court finds that: (a) the Agreement is fair, reasonable and adequate, and within the range of possible approval; (b) the Agreement has been negotiated in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case; and (c) with respect to the forms of notice of the material terms of the Settlement to persons

in the Rule 23(b)(3) Class for their consideration (Exs. 1, 3 and 5 to the Agreement), that notice is appropriate and warranted. Therefore, the Court grants preliminary approval of the Settlement.

5. <u>Class Certification for Settlement Purposes Only</u>. The Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, conditionally certifies, for purposes of this Settlement only, the following Settlement Classes:

> Rule 23(b)(3) Class:
>
> All persons called by Convergent on a cellular telephone who (a) had been reported to Convergent as a wrong number; (b) previously requested Convergent not to call such telephone number; (c) called after providing to Convergent notice of bankruptcy; (d) called after entry by Convergent of an internal attorney handling code or (e) had been called on a cell number obtained via third party skip tracing, on or after October 26, 2008 through and including the date of entry of the Preliminary Approval Order. Excluded from the Rule 23(b)(3) Class are the Judge to whom the Action is assigned and any member of the Court's staff and immediate family, and all persons who are validly excluded from the Rule 23(b)(3) Class. .
>
> Rule 23(b)(2) Class:
>
> All persons who were called by Convergent on a cellular telephone, on or after October 26, 2008 through and including the date of entry of the Preliminary Approval Order. Excluded from the Rule 23(b)(2) Class are the Judge to whom the Action is assigned and any member of the Court's staff and immediate family, and all persons who are properly opted out or excluded from either the Rule 23(b)(2) Class or the Rule 23(b)(3) Class.

6. In connection with this conditional certification, the Court makes the following preliminary findings:

(a) The members of the Settlement Classes appear to be so numerous that joinder of all members is impracticable;

(b) There appear to be questions of law or fact common to the Settlement Classes for purposes of determining whether the Settlement should be approved;

(c) Plaintiffs' claims appear to be typical of the claims being resolved through the Settlement;

(d) Plaintiffs appear to be capable of fairly and adequately protecting the interests of all members of the Settlement Classes in connection with the Settlement;

(e) For purposes of determining whether the Agreement is fair, reasonable and adequate, common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Classes. Accordingly, the Settlement Classes appear to be sufficiently cohesive to warrant settlement by representation; and

(f) For purposes of the Settlement, certification of the Settlement Classes appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Classes.

7. <u>Class Representatives</u>. The Court appoints Cindy Vazquez, Debbie Bennett, Phillip Bennett, Diana Austin, and Cherie Laursen to act as the representatives of the Rule 23(b)(3) Class pursuant to Rule 23 of the Federal Rules of Civil Procedure. The court further appoints Diana Austin to act as the representative of the Rule 23(b)(2) Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

8. <u>Class Counsel</u>. The Court appoints Keogh Law, Ltd.; Lemberg Law, LLC; Hyde & Swigart; and Lyngklip & Associates Consumer Law Group, PLC as Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure.

9. <u>Final Approval Hearing</u>. At 10:00 a.m. on October 6, 2016, in South Courtroom of the Abraham Ribicoff Federal Building, 450 Main Street, Hartford, CT, or at such other date and time later set by Court Order, this Court will hold a Final Approval Hearing on the fairness, adequacy and reasonableness of the Agreement and to determine

whether (a) final approval of the Settlement embodied by the Agreement should be granted, and (b) Class Counsel's application for attorneys' fees and expenses, and service award to Plaintiffs, should be granted, and in what amount. No later than July 24, 2016, Plaintiff must file papers in support of Class Counsel's application for attorneys' fees and expenses and the service award to the Plaintiffs. No later than September 22, 2016, which is fourteen (14) days prior to the Final Approval Hearing, papers in support of final approval of the Settlement and response to any written objections must be filed.

10. <u>Settlement Claims Administrator</u>. epiq Systems is hereby appointed as the Claims Administrator and shall be required to perform all the duties of the Claims Administrator as set forth in the Agreement and this Order.

11. <u>Class Notice</u>. The Court approves the proposed plan for giving notice to the Rule 23(b)(3) Class directly (using post cards) and through establishment of a Settlement Website, as more fully described in Plaintiff's Motion and the Agreement ("Notice Plan"). The Notice Plan, in form, method and content, complies with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and constitutes the best notice practicable under the circumstances. The Court hereby directs the Parties and the Claims Administrator to complete all aspects of the Notice Plan within forty-five (45) days of the date of this order ("Notice Deadline").

12. The Claims Administrator will file with the Court by no later than September 22, 2016, which is fourteen (14) days prior to the Final Approval Hearing, proof that notice was provided in accordance with the Agreement and this Order.

13. <u>Opt-Out and Objection Deadline</u>. Persons in the Settlement Classes who wish to either object to the Settlement or request exclusion from the Settlement Class must do so by

August 23, 2016, which is sixty (60) calendar days after the Notice Deadline. Persons in the Settlement Classes may not both object and opt-out. If a person both requests to opt-out and objects, the request to opt-out will control.

14. <u>Exclusion from the Settlement Class</u>. To request exclusion from the Settlement Classes, a person in the Settlement Class must follow the directions in the Class Notice and send a compliant request to the Claims Administrator at the address designated in the Class Notice by the Opt-Out and Objection Deadline. Exclusion requests must: (a) be signed by the person in the Settlement Class who is requesting exclusion; (b) include the full name and address of the person in the Settlement Class requesting exclusion; and (c) include the following statement: "I/we request to be excluded from the settlement in the <u>Convergent TCPA</u> action." No request for exclusion will be valid unless all of the foregoing information is included. No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person in the Settlement Class from the Settlement Class.

15. The Claims Administrator will retain a copy of all requests for exclusion. Not later than fourteen (14) days before the Final Approval Hearing, the Claims Administrator will file under seal with the Court a declaration that lists all of the exclusion requests received.

16. If a timely and valid exclusion request is made by a person in the Settlement Class, then the Agreement and any determinations and judgments concerning the Settlement will not bind the excluded person.

17. All Settlement Class Members will be bound by all determinations and judgments concerning the Settlement.

18.     <u>Objections to the Settlement</u>.  To object to the Settlement, Rule 23(b)(3) Class Members must follow the directions below and in the Class Notice and file a written objection with the Court by the Opt-Out and Objection Deadline.  Rule 23(b)(3) Class Members also must mail the objection by the Opt-Out and Objection Deadline to each of the following: (a) Class Counsel -- Keogh Law, Ltd., 55 W. Monroe, Ste. 3390, Chicago, Illinois 60603; and (b) Convergent's Counsel – Thomas C. Blatchley and Craig J. Mariam, Gordon & Rees LLP, 95 Glastonbury Blvd, Suite 206, Glastonbury, CT 06033.  In connection with an objection, the Rule 23(b)(3) Class Member must:  (a) attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Rule 23(b)(3) Class Member, including providing the cellular telephone number called; (b) include a statement of such Rule 23(b)(3) Class Member's specific objections; and (c) state the grounds for objection, as well as identify any documents which such objector desires the Court to consider.  The Court will not consider an objection unless the objection includes all of the foregoing information.

19.     Any Rule 23(b)(3) Class Member who fails to comply with Paragraph 18 will not be permitted to object to the Settlement at the Final Approval Hearing, will be foreclosed from seeking any review of the Settlement by appeal or other means, will be deemed to have waived his, her or its objections, and will be forever barred from making any objections in the Action or any other related action or proceeding.  All Settlement Class Members will be bound by all determinations and judgments in the Action, whether favorable or unfavorable to the Settlement Class.

20.     For any objection filed, the Clerk of the Court is ordered to redact any social security number, the street address, telephone number and last name except first letter of last

name in order to protect the objector's privacy. The objector's first name and city, state and zip code, as well as the objection, will not be redacted.

21. <u>Stay of Other Proceedings</u>. Pending the final determination of whether the Settlement should be approved, all pre-trial proceedings and briefing schedules in the Action are stayed.

22. Pending the final determination of whether the Settlement should be approved, Plaintiffs and all persons in the Settlement Classes are hereby stayed and enjoined from commencing, pursuing, maintaining, enforcing or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral or other forum, against any of the Released Parties. Such injunction will remain in force until the Court enters the Final Approval Order or until such time as the Parties notify the Court that the Settlement has been terminated. Nothing herein will prevent any person in the Settlement Classes, or any person actually or purportedly acting on behalf of any such person (s), from taking any actions to stay or dismiss any Released Claim(s). This injunction is necessary to protect and effectuate the Agreement, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Agreement and to enter judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments. This injunction does not apply to any person who requests exclusion from the Settlement.

23. If for any reason whatsoever this Settlement is not finalized or the Settlement as detailed in the Agreement is not finally approved by the Court, the certification of the Settlement Classes shall be void and the Parties and the Action will return to the status quo as it existed prior to the Agreement, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings, in response to any motion seeking class certification, any motion

seeking to compel arbitration or otherwise asserted at any other stage of the Action or in any other proceeding. No agreements, documents or statements made by or entered into by any Party in connection with the Settlement may be used by Plaintiffs, any person in the proposed Settlement Classes, Convergent or any other person to establish liability, any defense and/or any of the elements of class certification, whether in the Action or in any other proceeding.

24. In the event that the Settlement is not approved, or is terminated, canceled or fails to become effective for any reason, the money remaining in the Settlement Fund (including accrued interest), less expenses and taxes incurred or due and owing and payable from the Settlement Fund in accordance with the Agreement, shall be returned to Convergent within 15 days of the event that causes the Agreement to not become effective.

25. <u>No Admission of Liability</u>. The Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by Convergent, or the truth of any of the claims. Evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Agreement, this Order and the Final Approval Order.

26. <u>Reasonable Procedures to Effectuate the Settlement</u>. Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Class Notice and Claim Form and other exhibits that they jointly agree are reasonable and

necessary. The Court reserves the right to approve the Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to persons in the Settlement Class.

27. <u>Schedule of Future Events</u>. Accordingly, the following are the deadlines by which certain events must occur:

| | |
|---|---|
| **June 24, 2016** | Deadline for notice to be provided in accordance with the Agreement and this Order (Notice Deadline) |
| **July 24, 2016** | Deadline for filing of Plaintiff's Motion for Attorneys' Fees and Costs and Service Award |
| **August 23, 2016** | Deadline to file objections or submit requests for exclusion (Opt-Out and Objection Deadline) |
| **August 23, 2016** | Deadline for Rule 23(b)(3) Class Members to Submit a Claim Form (Claim Period) |
| **September 22, 2016** | Deadline for Parties to file the following:<br>(1) List of persons who made timely and proper requests for exclusion (under seal);<br>(2) Proof of Class Notice; and<br>(3) Motion and memorandum in support of final approval, including responses to any objections. |
| **October 6, 2016 at 10:00 a.m.** | Final Approval Hearing |

It is so ordered.

Signed this 10th day of May 2016, at Hartford, Connecticut.



/s/
Alvin W Thompson
United States District Judge