UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2016 NOV 10  P 3:46

IN RE                                                    )
CONVERGENT OUTSOURCING, INC.  )    Master Docket No. 3:13-md-2478-AWT
TELEPHONE CONSUMER                 )    MDL No. 2478
PROTECTION ACT LITIGATION      )
                                                             )
_____)

# FINAL APPROVAL ORDER AND JUDGMENT

The Court having held a Final Approval Hearing on November 10, 2016, notice of the hearing having been duly given in accordance with this Court's Order (1) Conditionally Certifying a Settlement Class, (2) Preliminarily Approving Class Action Settlement, (3) Approving Notice Plan and (4) Setting Final Approval Hearing (as amended, the "Preliminary Approval Order"), and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Final Approval Order and good cause appearing therefor,

It is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. The Settlement Agreement and Release dated February 5, 2016, including its Exhibits (the "Agreement"), and the definitions of words and terms contained therein, are incorporated by reference and are used hereafter. The terms and definitions of this Court's Preliminary Approval Order (Dkt. No. 238) are also incorporated by reference in this Final Approval Order.

2. This Court has jurisdiction over the subject matter of the Action and over the Parties, including all Settlement Class Members with respect to the Settlement Classes certified for settlement purposes in this Court's Preliminary Approval Order, as follows:

> Rule 23(b)(3) Class
>
> All persons called by Convergent on a cellular telephone who (a) had been reported to Convergent as a wrong number; (b) previously requested Convergent not to call such telephone number; (c) called after providing to Convergent notice of bankruptcy; (d) called after entry by Convergent of an internal attorney handling code or (e) had been called on a cell number obtained via third party skip tracing, on or after October 26, 2008 through and including the date of entry of the Preliminary Approval Order. Excluded from the Rule 23(b)(3) Class are the Judge to whom the Action is assigned and any member of the Judge's staff and immediate family and well as all persons who are properly opted out or excluded from the Rule 23(b)(3) Class.
>
> Rule 23(b)(2) Class
>
> All persons who were called by Convergent on their cellular telephone, on or after October 26, 2008 through and including the date of entry of the Preliminary Approval Order." Excluded from

2

the Rule 23(b)(2) Class are the Judge to whom the Action is assigned and any member of the Judge's staff and immediate family, and as all persons who are properly opted out or excluded from either the Rule 23(b)(2) Class or the Rule 23(b)(3) Class.

3. The Court hereby finds that the Agreement is the product of arm's length settlement negotiations between Plaintiffs and Convergent.

4. The Court hereby finds and concludes that Class Notice was disseminated to persons in the Rule 23(b)(3) Class in accordance with the terms of the Agreement and that the Class Notice and its dissemination were in compliance with this Court's Preliminary Approval Order.

5. The Court further finds and concludes that the Class Notice and claims submission procedures set forth in the Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided due and sufficient individual notice to all persons in the Rule 23(b)(3) Class who could be identified through reasonable effort and support the Court's exercise of jurisdiction over the Settlement Classes as contemplated in the Agreement and this Final Approval Order.

6. The Court notes that no class member or governmental entity filed an objection to the Agreement or any aspect of the Settlement.

7. The Court hereby finally approves the Agreement and finds that the terms constitute, in all respects, a fair, reasonable and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure.

8. The Court hereby finally certifies the Settlement Classes for settlement purposes. The Court finds for settlement purposes that the Action satisfies all the requirements of Rule 23 of the Federal Rules of Civil Procedure.

9. The Court hereby approves the plan of distribution for the Settlement Fund as set forth in the Agreement. The Claims Administrator is hereby ordered to comply with the terms of the Agreement with respect to distribution of Settlement Awards, the Second Distribution and disposition of any Remaining Funds thereafter. Should any Remaining Funds be distributed, the Court hereby approves the National Consumer Law Center as the *cy pres* recipient.

10. This Court hereby dismisses this Action, with prejudice, without costs to any party, except as expressly provided for in the Agreement.

11. As of the Effective Date, the Plaintiffs and each and every one of the Rule 23(b)(3)Class Members unconditionally, fully and finally release and forever discharge the Released Parties from the Released Claims as fully set forth in the Agreement. In addition, any rights of Plaintiffs and each and every one of the Rule 23(b)(3) Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable or equivalent laws will be terminated.

12. Plaintiffs and each and every Rule 23(b)(3) Class Member, and any person actually or purportedly acting on behalf of Plaintiffs or any Settlement Class Member, are hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Agreement, this Final Approval Order and this Court's authority to effectuate the Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

13. This Court hereby PERMANENTLY AND FOREVER ENJOINS the Rule 23(b)(2) Class from any effort by any Rule 23(b)(2) Class Member to bring a putative class action against Convergent, Inc. and each and all of its and their present, former and future direct and indirect parent companies, affiliates, subsidiaries, agents, successors, predecessors in interest, insurers, and all of the respective officers, directors, employees, attorneys, shareholders, agents, representatives, and assigns of the aforementioned for any purported violations of the TCPA that occurred during the Rule 23(b)(2) Class time period. Convergent is PERMANENTLY AND FOREVER ENJOINED from moving to dismiss any TCPA claim raised by a Rule 23(b)(2) Class member on an individual basis for a violation that allegedly occurred during the Class time period as to a failure of any party to plead that an Automatic Telephone Dialing System ("ATDS") was used. Convergent shall further admit that it used an ATDS for purported violations of the TCPA that occurred during the Rule 23(b)(2) Class time period so long as the claim is made on an individual basis.

14. The Agreement (including any and all exhibits attached thereto) and any and all negotiations, documents, and discussions associated with it will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by Convergent, or the truth of any of the claims. Evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Agreement, the Preliminary Approval Order and/or this Final Approval Order.

15. If for any reason whatsoever this Settlement fails to become effective for any reason, the certification of the Settlement Classes shall be void and the Parties and the Action

will return to the status quo as it existed prior to the Agreement, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings, in response to any motion seeking class certification, any motion seeking to compel arbitration or otherwise asserted at any other stage of the Action or in any other proceeding. No agreements, documents or statements made by or entered into by any Party in connection with the Settlement may be used by Plaintiffs, any person in the Settlement Classes, Convergent or any other person to establish liability, any defense and/or any of the elements of class certification, whether in the Action or in any other proceeding.

16. In the event that the Settlement fails to become effective for any reason, the money remaining in the Settlement Fund (including accrued interest), less expenses and taxes incurred or due and owing and payable from the Settlement Fund in accordance with the Agreement, shall be returned to Convergent within 15 days of the event that causes the Agreement to not become effective.

17. In the event that any provision of the Agreement or this Final Approval Order is asserted by Convergent as a defense in whole or in part to any claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that

the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Agreement, this Final Approval Order and this Court's authority to effectuate the Agreement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

18. By incorporating the Agreement and its terms herein, the Court determines that this Final Approval Order complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

19. Class Counsel have moved pursuant to FED. R. CIV. P. 23(h) and 52(a) for an award of attorneys' fees and reimbursement of expenses. Pursuant to Rules 23(h)(3) and 52(a) this Court makes the following findings of fact and conclusions of law:

    (a) that the Class Settlement confers substantial benefits on the Settlement Class Members;

    (b) that the value conferred on the Settlement Class is immediate and readily quantifiable (upon this Judgment becoming Final (as defined in the Agreement), Settlement Class Members who have submitted valid Settlement Claim Certification Forms will receive cash payments that represent a significant portion of the damages that would be available to them were they to prevail in an individual action under the Telephone Consumer Protection Act ("TCPA");

    (c) that Class Counsel vigorously and effectively pursued the Settlement Class Members' claims before this Court in this complex case;

    (d) that the Class Settlement was obtained as a direct result of Class Counsel's advocacy;

(e) that the Class Settlement was reached following extensive negotiation between Class Counsel and Counsel for Convergent, and was negotiated in good-faith and in the absence of collusion;

(f) that Settlement Class Members were advised in the Class Notice approved by the Court that Class Counsel intended to apply for an award of attorneys' fees and expenses incurred in the prosecution of the Litigation, to be paid from the Settlement Fund;

(g) that no member of the Settlement Class has submitted a written objection to the award of attorneys' fees and expenses;

(h) that counsel who recover a common benefit for persons other than himself or his client is entitled to a reasonable attorneys' fee from the Settlement Fund as a whole. *See, e.g., Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Blum v. Stenson*, 465 U.S. 866, 900 n.16 (1984).

Accordingly, Class Counsel are hereby awarded $ 1,833,333.33 from the Settlement Fund as their fee award, which the Court finds to be fair and reasonable, and $50,848.20 in expenses, which amounts shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Agreement. Class Counsel shall be responsible for allocating these awards among Class Counsel.

20. The Class Representatives, as identified in the Preliminary Approval Order, are hereby compensated each in the amount of $ 5,000 for their efforts in this case.

It is so ordered.

Dated this 10th day of November 2016, at Hartford, Connecticut.

                                                      /s/ Judge Alvin W. Thompson
                                                          Alvin W. Thompson
                                                 United States District Judge